# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| ARTHUR JAMES TIGNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  3:06-cv-00713-MHT-SRW |
| | ) |
| OFFICER SELLER, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' SPECIAL REPORT

COME NOW Jay Jones[1], Sheriff of Lee County, Alabama, Sergeant Timothy Jones[2], Corrections Officer David Sellers[3], and Corrections Officer Danny Tucker, the Defendants in the above-styled cause, and submit their Special Report to the Court.

## INTRODUCTION

On August 10, 2006, the Plaintiff filed his Complaint in the United States District Court for the Middle District of Alabama against these Defendants.  On August 18, 2006, this Court ordered the Defendants to file a Special Report and Answer.  Pursuant to this Court's Order dated September 26, 2006, their Special Report and Answer are on due November 6, 2006.

The Plaintiff was arrested on June 22, 2006, on charges of parole violation.  (Exhibit A, Inmate File of Arthur James Tigner[4], "Inmate File," Booking Sheet dated June 22, 2004; Exhibit B, Inmate File, Release Sheet dated August 13, 2006, pp. 2-3.)  He was booked into the Lee County Detention Center that same day.  (Ex. A.)  He was released from the Lee County Detention Center to Kilby Correctional Facility on August 13, 2006.  (Ex. B.)

---

[1] Sheriff Jay Jones is incorrectly designated in the Plaintiff's Complaint as "Sheriff J. Jone."
[2] Sergeant Timothy Jones is incorrectly designated in the Plaintiff's Complaint as "Sgt. Jone."
[3] Corrections Officer David Sellers is incorrectly designated in the Plaintiff's Complaint as "Officer Seller."
[4] See Exhibit G, Affidavit of Cary Torbert, Jr., "Torbert Aff.," ¶ 30 for certification of Plaintiff's Inmate File.

## PLAINTIFF'S ALLEGATIONS

The Plaintiff's Complaint alleges the following three violations of his constitutional rights with regard to his conditions of confinement at the Lee County Detention Center:

(1)    The Plaintiff first alleges that he was locked in a cell without a toilet that worked from July 4, 2006, to July 8 or 9[5], 2006, during the night.  (Doc. 1, Plaintiff's Complaint, pp. 2-3.)

(2)    The Plaintiff also alleges that his cell is infested with bugs.   (Plaintiff's Complaint, p. 2-3.)

(3)    The Plaintiff finally alleges that his cell had "old body fluid" in it before he came to the cell.  (Plaintiff's Complaint, p. 3.)

The Plaintiff requests the following relief:  (1) honor his rights; (2) have the officers retake basic training; (3) "pain and suffer" [sic]; (4) "set [him] up to go to a psychiatry [sic] for the mental pain [he] had to go through and psychiatry treatment; (5) "emotionable [sic] pain and mentally stress"; (6) punitive damages; and (7) the court to give him relief and do what is right. (Plaintiff's Complaint, p. 5.)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

The Defendants deny the allegations made against them by the Plaintiff as being untrue and completely without basis in law or fact.  The Defendants deny that they acted, or caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled. (Exhibit C, Affidavit of Sheriff Jay Jones[6], "Jones Aff.," ¶ 4; Exhibit D, Affidavit of Sergeant

---

[5] Defense Counsel is unable to conclusively discern whether the Plaintiff wrote "7-08-06" or "7-09-06" on line two of Part IV of his Complaint.
[6] Jay Jones is the duly elected Sheriff of Lee County, Alabama, and has served in such capacity since 1999.  (Jones Aff. ¶ 2.)

Timothy Jones[7], "T. Jones Aff.," ¶ 4; Exhibit E, Affidavit of Corrections Officer David Sellers[8],

"Sellers Aff.," ¶ 4; Exhibit F, Affidavit of Corrections Officer Danny Tucker[9], "Tucker Aff.," ¶

4.)  The Defendants raise the defenses of Eleventh Amendment immunity, qualified immunity,

the Plaintiff's failure to meet the exhaustion and physical injury requirements of the Prison

Litigation Reform Act, mootness, lack of standing, and additional defenses presented below.

The Defendants reserve the right to add additional defenses upon a complete investigation of the

Plaintiff's claims, completion of any discovery allowed, and if any further pleading is required or

allowed by the Court.

I.      FACTS

   A.     Policies and Procedures of the Lee County Detention Center

       Sheriff Jay Jones has delegated the responsibility for the day-to-day functions of the Lee

County Detention Center to Major Cary Torbert, Jr., the Chief Deputy of Corrections of the Lee

County Detention Center.  As Sheriff of Lee County, Jay Jones is responsible for promulgating

the policies governing the Lee County Detention Center.  (Jones Aff. ¶ 5.)

       It is the policy of the Lee County Sheriff's Office that members of the Detention Center staff

receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy

Sheriff, or Detention Center personnel.  All properly submitted nonmedical request forms are

answered, and a copy is placed in the inmate's inmate file.  All medical request forms are

forwarded to the medical staff to be answered, and a copy of the answered request form is filed

---

[7] At the time of the allegations of the Plaintiff's Complaint, Timothy Jones was serving as a Corrections Officer at the Lee County Detention Center and had served in that capacity since March of 1995.  Timothy Jones has achieved the rank of Sergeant.  Sergeant Jones is a graduate of the Alabama Jail Management School.  Sergeant Jones is currently enrolled at the Alabama Police Academy in Anniston, Alabama.  (T. Jones Aff. ¶ 2.)
[8] David Sellers has served as a corrections officer at the Lee County Detention Center since July 11, 2005.  Officer Sellers is a graduate of the Alabama Jail Management School.
 (Sellers Aff. ¶ 2.)
[9] Danny Tucker has served as a corrections officer at the Lee County Detention Center since January of 2003.  Officer Tucker is a graduate of the Alabama Jail Management School. (Tucker Aff. ¶ 2.)

in that inmate's medical file.  (Jones Aff. ¶ 6; Exhibit G, Affidavit of Major Cary Torbert, Jr.[10],

"Torbert Aff.," ¶ 4; T. Jones Aff. ¶ 5; Sellers Aff. ¶ 5; Tucker Aff. ¶ 5.)  The Plaintiff was aware

of the request procedure as evidenced by the request forms he has filed that were answered and

are present in his inmate file.   (Torbert Aff. ¶ 4; Exhibit H, Inmate File, Request Forms.)

Requests for medical attention, telephone calls, or other matters must be made in writing on an

Inmate Request Form.  An exception exists for requests of an emergency nature which are handled

immediately without a written request.  Inmates housed in the Lee County Detention Center will be

furnished with Inmate Request Forms for the purpose of stating their requests or grievances in

writing.  Detention Center personnel are charged with the responsibility of receiving and forwarding

these forms to the proper authority at any time they are offered a completed form by an inmate.  The

officer receiving the request form is to answer the request if possible.  If that officer is unable to

answer the request, he is to forward it to the appropriate individual and/or up the chain of command

until the request is answered.  If the request form is directed to a particular officer, the officer

receiving the request will forward the request to the officer to whom the request is directed.  If the

officer to whom the request is directed is not on duty that day, the request will be addressed on that

officer's next scheduled working day.  (Jones Aff. ¶ 7; Torbert Aff. ¶ 5; T. Jones Aff. ¶ 6; Sellers

Aff. ¶ 6; Tucker Aff. ¶ 6.)

Internal grievance procedures at the Lee County Detention Center are available to all

inmates.   It is the policy of the Lee County Sheriff that inmates are permitted to submit

grievances and that each grievance will be acted upon. (Jones Aff. ¶ 10; Torbert Aff. ¶ 6; T.

Jones Aff. ¶ 8; Sellers Aff. ¶ 8; Tucker Aff. ¶ 8.)   All inmates are provided access to a Lee

County Detention Center Inmate Handbook.  (Jones Aff. ¶ 11; Torbert Aff. ¶ 7; T. Jones Aff. ¶ 9;

---

[10] Cary Torbert, Jr. serves as Chief Deputy of Corrections of the Lee County Detention Center and has obtained the rank of Major.  Major Torbert has worked with the Lee County Sheriff's Office for over 34 years.  (Torbert Aff. ¶ 2.)

Sellers Aff. ¶ 9; Tucker Aff. ¶ 9; Exhibit I, Inmate File, Lee County Sheriff's Department Regulations Receipt.)  A copy of this handbook is placed in each cellblock for inmates to review whenever they wish.  The inmate handbook states that an inmate may report a grievance on an inmate request form.  Grievances are first answered by the appropriate staff at the lowest level in the chain of command.  The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.  (Jones Aff. ¶ 11; Torbert Aff. ¶ 7; T. Jones Aff. ¶ 9; Sellers Aff. ¶ 9; Tucker Aff. ¶ 9.)  The Plaintiff was familiar with the process for submitting inmate grievances as evidenced by the grievance that he filed on a matter unrelated to his Complaint that is answered and present in his inmate file.  (Torbert Aff. ¶ 11; Exhibit J, Inmate File, Inmate Grievance.)

It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff. (Jones Aff. ¶ 14; Torbert Aff. ¶ 11; T. Jones Aff. ¶ 12; Sellers Aff. ¶ 12; Tucker Aff. ¶ 12.)  It is the policy of the Lee County Sheriff's Office that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment.  (Jones Aff. ¶ 15; Torbert Aff. ¶ 12; T. Jones Aff. ¶ 13; Sellers Aff. ¶ 13; Tucker Aff. ¶ 13.)  Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.  (Jones Aff. ¶ 16; Torbert Aff. ¶ 13; T. Jones Aff. ¶ 14; Sellers Aff. ¶ 14; Tucker Aff. ¶ 14.)  The first and second Shift Supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.  (Jones Aff. ¶ 17; Torbert Aff. ¶ 14; T. Jones Aff. ¶ 15; Sellers Aff. ¶

15; Tucker Aff. ¶ 15.)  Each cleaning consists of the following:  Floors are swept and mopped. Toilets are scrubbed with toilet cleanser and disinfectant.  Sinks and showers are scrubbed with scouring cleanser and disinfectant.  Tables and benches are washed.  Bunks and sleeping areas are made clean and orderly.  Trash receptacles are emptied and washed daily.  (Jones Aff. ¶ 17; Torbert Aff. ¶ 15; T. Jones Aff. ¶ 16; Sellers Aff. ¶ 16; Tucker Aff. ¶ 16.)  The Shift Supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time.  (Jones Aff. ¶ 19; Torbert Aff. ¶ 16; T. Jones Aff. ¶ 17; Sellers Aff. ¶ 17; Tucker Aff. ¶ 17.)  The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.  (Jones Aff. ¶ 20; Torbert Aff. ¶ 17; T. Jones Aff. ¶ 18; Sellers Aff. ¶ 18; Tucker Aff. ¶ 18.)

It is the policy of the Lee County Sheriff to maintain a high level of pest and vermin control within the Lee County Detention Center in order to ensure a minimum level of pest infestation.  (Jones Aff. ¶ 21; Torbert Aff. ¶ 18; T. Jones Aff. ¶ 19; Sellers Aff. ¶ 19; Tucker Aff. ¶ 19.)  The Chief Deputy Sheriff ensures that all areas of the Lee County Detention Center are sprayed with insecticide at least once each month.  A licensed pest control service is contracted to provide control for vermin and insects.  Detention Center personnel utilize this service to the maximum extent allowed in order to prevent and control the infestation of pests and vermin. (Jones Aff. ¶ 22; Torbert Aff. ¶ 19; T. Jones Aff. ¶ 20; Sellers Aff. ¶ 20; Tucker Aff. ¶ 20.)  Shift Supervisors ensure that all appropriate areas of the Detention Center are treated with any additional insecticides or powders necessary as directed by the Chief Deputy.  (Jones Aff. ¶ 23; Torbert Aff. ¶ 20; T. Jones Aff. ¶ 21; Sellers Aff. ¶ 21; Tucker Aff. ¶ 21.)  All Shift Supervisors, when conducting daily housekeeping inspections, look for possible or potential pest problems. (Jones Aff. ¶ 24; Torbert Aff. ¶ 21; T. Jones Aff. ¶ 22; Sellers Aff. ¶ 22; Tucker Aff. ¶ 22.)

It is the policy of the Lee County Sheriff that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair.  (Jones Aff. ¶ 25; Torbert Aff. ¶ 22; T. Jones Aff. ¶ 23; Sellers Aff. ¶ 23; Tucker Aff. ¶ 23.)  Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature. (Jones Aff. ¶ 26; Torbert Aff. ¶ 23; T. Jones Aff. ¶ 24; Sellers Aff. ¶ 24; Tucker Aff. ¶ 24.)  An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or contact maintenance personnel to fix the toilet.  (Jones Aff. ¶ 27; Torbert Aff. ¶ 24; T. Jones Aff. ¶ 25; Sellers Aff. ¶ 25; Tucker Aff. ¶ 25.)  The Lee County Sheriff's Office employs full time maintenance personnel who are available to repair any toilet which is broken.  (Jones Aff. ¶ 28; Torbert Aff. ¶ 25; T. Jones Aff. ¶ 26; Sellers Aff. ¶ 26; Tucker Aff. ¶ 26.)  Inmates have access to three or four toilets within their cellblock.  There is a toilet in each cell in the cellblock.  There is also a toilet in the dayroom of each cellblock.  (Jones Aff. ¶ 29; Torbert Aff. ¶ 26; T. Jones Aff. ¶ 27; Sellers Aff. ¶ 27; Tucker Aff. ¶ 27.)  In the event that a toilet cannot be repaired before the inmates lock down in their cells at night, any inmate housed in the cell with the broken toilet is to be given the opportunity to use the toilet during any time that he needs to during the night.  (Jones Aff. ¶ 30; Torbert Aff. ¶ 27; T. Jones Aff. ¶ 28; Sellers Aff. ¶ 28; Tucker Aff. ¶ 28.)  It would be a direct violation of policy for an inmate to ever be denied access to a working toilet.  (Jones Aff. ¶ 31; Torbert Aff. ¶ 28; T. Jones Aff. ¶ 34; Sellers Aff. ¶ 33; Tucker Aff. ¶ 31.)

A member of the Detention Center staff must inspect the entire Detention Center facility at least once each hour.  However, at least one Detention Center staff member is normally in each

inmate hall at least every 15 to 20 minutes.  (Jones Aff. ¶ 32; Torbert Aff. ¶ 29; T. Jones Aff. ¶ 31; Sellers Aff. ¶ 31; Tucker Aff. ¶ 31.)

The Defendants have complied with all policies and procedures of the Lee County Detention Facility.  The Defendants are not aware of nor have they authorized or allowed any deviation from said policies and procedures.  (Jones Aff. ¶ 33; T. Jones Aff. ¶ 35; Sellers Aff. ¶ 35; Tucker Aff. ¶ 34.)

### B.    Facts Regarding the Plaintiff's Specific Allegations

One night as the inmates were locking down, the Plaintiff complained to Sergeant Jones and Corrections Officer Sellers that his toilet was stopped up.  Therefore, Sergeant Jones and Officer Sellers told the Plaintiff that they would move him to another cell with a working toilet. However, the Plaintiff told Sergeant Jones and Officer Sellers that he did not want to move.  (T. Jones Aff. ¶ 29; Sellers Aff. ¶ 29.)  Other than this conversation, the Plaintiff never made any complaints to Sergeant Jones and Officer Sellers, and they were unaware of any other alleged problems until they received the Plaintiff's lawsuit.  (T. Jones Aff. ¶ 30; Sellers Aff. ¶ 30.)

The Plaintiff had the opportunity to ask any staff member to unlock his door and let him go to use another toilet during the night.  (T. Jones Aff. ¶ 32; Sellers Aff. ¶ 32.)  However, the Plaintiff did not ever ask the corrections officer Defendants to let him out of his cell during the night to use the restroom.  (T. Jones Aff. ¶ 33; Sellers Aff. ¶ 33; Tucker Aff. ¶ 32.)  Corrections Officer Tucker did not know of the problem with the Plaintiff's toilet, and he did not hear the conversation that took place between the Plaintiff, Sergeant Jones, and Officer Sellers regarding the toilet issue.  (Tucker Aff. ¶ 29.)  Sheriff Jones and Officer Tucker were unaware of any alleged problems that are mentioned in his Complaint.  (Jones Aff. ¶ 9; Tucker Aff. ¶ 7.)  None of the Defendants have ever received a request form from the Plaintiff regarding any of the

allegations made the basis of his Complaint.  (Jones Aff. ¶ 8; T. Jones Aff. ¶ 7; Sellers Aff. ¶ 7;

Tucker Aff. ¶ 7.)  Sheriff Jones has no personal knowledge of any of the specific allegations that

form the basis of the Plaintiff's Complaint.  In fact, Sheriff Jones was not present at the Lee

County Detention Center at night on the dates noted in the Plaintiff's Complaint.  (Jones Aff. ¶

3.)

The Defendants are not aware that the Plaintiff was ever denied access to a working

toilet.  (Jones Aff. ¶ 31; T. Jones Aff. ¶ 34; Sellers Aff. ¶ 34; Tucker Aff. ¶ 30.)

Neither any of the Defendants nor Major Torbert have never received a grievance from

the Plaintiff concerning any of the allegations made the basis of his Complaint.  (Jones Aff. ¶ 12;

Torbert Aff. ¶ 9; T. Jones Aff. ¶ 10; Sellers Aff. ¶ 10; Tucker Aff. ¶ 10.)  Per the policy of the

Lee County Sheriff, an inmate has the opportunity to appeal any grievance up the chain of

command to Major Torbert and then to Sheriff Jones if he is not satisfied with the response at the

lower levels in the chain of command.  (Jones Aff. ¶ 11 and 12; Torbert Aff. ¶ 7 and 9.)  The

Plaintiff has not appealed any grievance to either Major Torbert or Sheriff Jones.  Accordingly,

the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention

Center.  (Jones Aff. ¶ 12; Torbert Aff. ¶ 13.)  All properly submitted nonmedical grievances are

answered, and a copy is placed in the inmate's inmate file.  All properly submitted medical

grievances are answered, and a copy is placed in the inmate's medical file.  (Jones Aff. ¶ 13;

Torbert Aff. ¶ 10; T. Jones Aff. ¶ 11; Sellers Aff. ¶ 11; Tucker Aff. ¶ 11.)  Upon Major Torbert's

review of the Plaintiff's inmate file, there are no grievances concerning the allegations made the

basis of his Complaint.  (Torbert Aff. ¶ 10; Exhibit K, Inmate File[11].)

---

[11] The remainder of the Plaintiff's Inmate File, not referenced as a separate exhibit, is attached hereto as Exhibit K.

II.     **LAW**

    A.     **All the Plaintiff's claims against the Defendants in their official capacities must fail based on Eleventh Amendment immunity and because they are not "persons" under 42 U.S.C. § 1983.**

The Plaintiff's claims against the Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction as such claims are barred by the Eleventh Amendment to the United States Constitution.  Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, Ala., 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution.  42 U.S.C. § 1983 (emphasis added).  The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Accordingly, any claims against the Defendants in their official capacities fail to state a claim upon which relief can be granted because they are not "persons" under § 1983, and therefore these claims are due to be dismissed. Id.; Carr, 916 F.2d at 1525 n.3.

    B.     **The Plaintiff's failure to comply with the Prison Litigation Reform Act bars the Complaint.**

        1.     **The Plaintiff has failed to exhaust all Administrative Remedies.**

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983.   42 U.S.C. §

1997e(a).  The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him.  First, the Plaintiff has not exhausted the grievance procedures provided at the Lee County Detention Center.  Despite the availability of a grievance procedure at the Lee County Detention Center and the Plaintiff's clear knowledge and understanding of this procedure, the Plaintiff failed to file a grievance concerning the allegations made the basis of the Plaintiff's Complaint.  Therefore, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

Second, the Plaintiff has not alleged that he pursued any grievance through the State Board of Adjustment.  See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies).  In addition to the grievance procedure at the local level, Alabama law provides the opportunity to file a claim and proceed before the State of Alabama Board of Adjustment pursuant to Ala. Code § 41-9-60.  The Sheriff of Lee County is a state officer, as are his alter egos, and therefore, they would be entitled to sovereign immunity.  See Lancaster, 116 F.3d at 1429.  Due to this immunity, the State of Alabama has provided an administrative remedy for the recovery of money damages through the State of Alabama Board of Adjustment.

As a result of Plaintiff's failure to exhaust these two remedies, he is barred from bringing this action under § 1997e(a).  See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of prison action due to failure to exhaust administrative remedies, stating that the judicially recognized futility and inadequacy exceptions that existed under former § 1997e(a) are not applicable under the new mandatory exhaustion requirement of the PLRA); Booth v. Churner, 532 U.S. 731, 741 (2001) (concluding that the exhaustion of administrative remedies is now mandatory and courts cannot excuse exhaustion).

   2.   **The Plaintiff's claims are barred by the Prison Litigation Reform Act because he has not suffered any physical injury as a result of the allegations in his Complaint.**

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . .   In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis."

Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002).  Because the Plaintiff has not alleged ***any*** physical injury, but instead alleges only emotional and mental injuries, his Complaint is due to be dismissed.

   C.   **The Defendants are entitled to summary judgment based on qualified immunity because nothing in their conduct crossed a "bright line" contour of clearly established constitutional law.**

   The Defendants were acting within their discretionary authority as Sheriff and corrections officers of Lee County during all times relevant to the Plaintiff's Complaint because all their actions were taken in the furtherance of their job duties.  See, e.g. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1267 (11th Cir. 2004).  Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation.   Saucier v. Katz, 533 U.S. 194, 201 (2001).  This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Id.  (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).  The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that the Defendants had "fair warning" that their conduct violated the Plaintiff's constitutional rights?  Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of the Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred.  See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994).  A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d at 1424.  "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose."  Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

### 1.    The Plaintiff's Constitutional Rights were not violated.

In order to establish a conditions of confinement claim Plaintiff "must prove three elements:  (1) a condition of confinement that inflicted unnecessary pain or suffering constituting cruel and unusual punishment, (2) the defendants' deliberate indifference to that condition, and (3) causation.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (first element); Wilson v. Seiter, 502 U.S. 294, 303 (1991) (second element); Williams v. Bennett, 689 F.2d 1389-90 (11th Cir. 1982) (third element).  Whether a particular condition of confinement constitutes cruel and unusual punishment is an objective inquiry; whether jail officials were deliberately indifferent to that condition is a subjective inquiry.  Wilson v. Seiter, 502 U.S. at 290.  In the instant case, the Plaintiff cannot establish either the objective or subjective components of his conditions of confinement claims.

13

**(a)      Objective Component**

With regard to the objective component, the Eleventh Circuit has held that "*extreme deprivations are required to make out a conditions-of-confinement claim*" under the Eighth Amendment.[12]  Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004) (emphasis in original).  "[A] constitutional violation occurs only where the deprivation alleged is, objectively, 'sufficiently serious.'"  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  "[T]he Constitution does not mandate comfortable prisons."  Chandler, 379 F.3d. at 1289.

In the instant case, the Plaintiff cannot present evidence of any "*extreme*" deprivation that could be objectively considered "cruel and unusual."  It is clear that the condition alleged in the Plaintiff's Complaint was not "extreme" as to rise to the level of a constitutional violation.  The Plaintiff merely alleges that the toilet in his cell was not working, that his cell contained other inmates' "bodily fluids," and that his cell had "bugs" in it for five or six nights.  However, the Defendants have shown that the Plaintiff had the opportunity to move to a cell with a working toilet but declined.  Further, the Plaintiff had the opportunity to request to use the restroom during the night but did not ask any of the corrections officer Defendants to let him out to do so.  Accordingly, the clear evidence shows that the Plaintiff was not ever denied access to a working toilet.  Further, the Defendants have presented evidence that the Plaintiff was given the opportunity as well as the supplies necessary to clean his cell twice each day.  Finally, as to the "bug" problem, the Detention Center is professionally sprayed with insecticide every month.  In addition, the Plaintiff had the opportunity to request that the Detention Center staff use additional insecticide or powders

---

[12] "Claims involving the mistreatment of . . . pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.  But it makes no difference whether [the plaintiff] was a pretrial detainee or a convicted prisoner because 'the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving pretrial detainees.'"  Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (internal citations omitted).

if he thought they were necessary.  However, the Plaintiff never made any request to the Defendants.

Conditions such as those alleged by the Plaintiff have been held to not be objectively serious enough to rise to the level of a constitutional violation.  See, e.g., Boland v. Coughlin, 622 F. Supp. 736, 736-37 (D.C.N.Y. 1985) (granting the defendants' motion to dismiss the plaintiff's complaint where the plaintiff alleged that for up to one month at a time he did not have bathroom facilities and had to summon a guard to let him out to use the restroom but was not denied the opportunity to use the bathroom); Lyons v. Papantoniou, 558 F. Supp. 4, 5 (E.D. Tenn. 1982) (granting summary judgment to defendants on eighth amendment claim where the plaintiff was deprived of "adequate bathroom facilities" for 24 hours and 24 minutes); Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001) (holding that begin temporarily deprived of a working toilet did not fall "beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency"); Geder v. Godinez, 875 F. Supp. 1334, 1341 (N.D. Ill. 1995) (holding that the plaintiff's allegations of the "presence of defective pipes, sinks, and toilets, improperly-cleaned showers, a broken intercom system, stained mattresses, accumulated dust and dirt, and infestation by roaches and rats" did not rise to the level of a constitutional violation).  In the instant case, the Plaintiff was given the opportunity to move to a different cell with a working toilet but declined.  Even so, in light of the above-referenced cases, it is clear that the Plaintiff's claim does not rise to the level of an objectively serious deprivation that can form a constitutional violation.

Further, the law is clear that deprivations that are short in nature do not rise to the level of a constitutional violation.  See, e.g., Clark v. Spey, 2002 WL 31133198, *2 (N.D. Ill. 2002) (finding no constitutional violation where inmate was "placed in a cold and unlighted cell where

he was deprived of warm clothing, a functioning toilet, toilet paper, a mattress, sheets, and a blanket for a period of several hours" and stating that "when deprivations like these are relatively short in duration, they do not violate the Eighth Amendment."); see also Hamilton v. Peters, 919 F. Supp. 1168 (N.D. Ill. 1996) (holding that "denying a prisoner regular showers and ample supplies of toiletries for a finite period, such as twenty-eight days, does not demonstrate a deprivation of the 'minimal civilized measure of life's necessities'"); Jackson v. DeTella, 998 F. Supp. 901, 905 (N.D. Ill. 1998 (holding that an eight day deprivation of bedding and hygiene items to an inmate was not a constitutional violation); Martin v. Lane, 766 F. Supp. 641, 648 (N.D. Ill.1991) (holding that a deprivation of hygienic supplies for between three to eighteen days is not a violation of an inmate's constitutional rights); Gilland v. Owens, 718 F. Supp. 665, 685 (W.D. Tenn. 1989) ("Short term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation."). The Plaintiff alleges that he was subject to subpar conditions during the nighttime hours for only five or six days. Therefore, even if the Plaintiff's allegations were taken as true without consideration to the Defendants' evidence, his allegations to not rise to the level of a constitutional violation.

### (b)    Subjective Component

Even if the Plaintiff's conditions of confinement were objectively "cruel and unusual," there must still be evidence of subjective deliberate indifference on the part of each Defendant. "To be deliberately indifferent, a [jail] official must knowingly or recklessly disregard an inmate's basic needs." LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993). "[A] plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred

from the defendant's failure to prevent it.'" Id. (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985), cert. denied, 479 U.S. 816 (1986). There must be evidence that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837. The Court equates the level of culpable intent required to the standard employed in the context of *criminal* recklessness prosecutions. Id. at 837-39. No liability can be attributed to "an official's failure to alleviate a significant risk which he should have perceived but did not." Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996).

In Smith v. Copeland[13], the Plaintiff alleged that he was subjected to an overflowed toilet in his cell for four days. 87 F. 3d. 265, 268 (8th Cir. 1996). However, the corrections officers presented undisputed evidence that the Plaintiff "was offered an opportunity to flush the toilet and to clean up the mess but he declined." Id. The court stated: "To prevail on an Eighth Amendment claim in this context, an inmate must show that correctional officers were deliberately indifferent to the risk of harm posed by the raw sewage. Thus, not every overflowed toilet in a prison amounts to a constitutional violation." Id. (citations omitted); see also Masonoff v. DuBois, 853 F. Supp. 26, 28-30 (D. Mass. 1994) (denying the plaintiff's motion for preliminary injunction because it was not likely that the plaintiffs would succeed on their claim that the defendants were deliberately indifferent where there was no evidence that the defendants knew that the order for inmates to be given full access to toilets that flush was not being followed); Galloway v. Whetsel, 124 Fed. Appx. 617, 618-19 (10th Cir. 2005) (holding that where the plaintiff alleged that he was subjected to "'feces contaminated toilet and sewage line overflows' and 'unsanitary living and sleeping quarters,' and [that officers] 'refused to

---

[13] 87 F.3d 265, 268 (8th Cir. 1996).

administer appropriate cleaning supplies, despite repeated requests" but did not allege that the defendant was aware that the officers did not give him "disinfectants or other sufficient supplies to clean feces from his cell floor and toilet," no deliberate indifference was shown); <u>Geder</u>, 875 F. Supp. at 1341, 1341-42 (granting summary judgment to defendants where the plaintiff failed to show deliberate indifference to "defective pipes, sinks, and toilets, improperly-cleaned showers, a broken intercom system, stained mattresses, accumulated dust and dirt, and infestation by roaches and rats").

In the instant case, even if there were an excessive risk to his health or safety, the Plaintiff has not alleged that any of the Defendants knew of or disregarded that risk. The Plaintiff does not allege that *any* of the Defendants was aware that his cell had "body fluids" in it. He further does not allege that Sheriff Jones was aware of the toilet or bug problem, and the evidence shows that Officer Tucker was unaware of these problems as well. As to Sergeant Jones and Officer Sellers, the evidence shows that they were not aware of a bug problem. Further, while the Plaintiff complained to Sergeant Jones and Officer Sellers about the toilet, they were not deliberately indifferent to his complaint. Instead, they offered to let the Plaintiff move to a different cell with a working toilet. However, the Plaintiff refused. Because Sergeant Jones and Officer Tucker attempted to remedy the complained of condition, they were not deliberately indifferent. <u>LaMarca</u>, 995 F.2d at 1536 ("[I]f an official attempts to remedy a constitutionally deficient prison condition, but fails in that endeavor, he cannot be deliberately indifferent unless he knows of, but disregards, an appropriate and sufficient alternative."). None of the Defendants were aware that the Plaintiff was ever denied access to a working toilet. Because the Plaintiff cannot meet the objective or subjective tests as set forth in <u>Farmer</u>, *supra*, his claims are due to be dismissed.

Furthermore, the United States Supreme Court has held that a significant injury is required in order to sustain a conditions of confinement claim. Porter v. Nussle, 534 U.S. 516, 528 (U.S.2002) ("[T]o sustain a [conditions of confinement] claim, "significant injury" must be shown; Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006) ("[U]nder our circuit precedent about the nature of actionable injuries under the Eighth Amendment, an injury can be 'objectively, sufficiently serious' only if there is more than de minimis injury."); see also Smith, 87 F.3d at 268 (noting that the plaintiff "did not allege that he was exposed to disease or suffered any other consequences of the exposure [to raw sewage]" and finding a de minimus imposition that did not amount to a constitutional violation), citing Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979) ("There is, of course, a de minimis level of imposition with which the Constitution is not concerned.") The Plaintiff has not alleged that cannot show that he suffered *any* injury as a result of the alleged conditions of his confinement. Accordingly, the Plaintiff cannot sustain a conditions of confinement claim.

    **2.**    **No clearly established law provided the Defendants with fair warning that their conduct was unlawful.**

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the conduct of the Defendant was unconstitutional with "obvious clarity," "the

unlawfulness must have been apparent." <u>Willingham</u>, 321 F.3d at 1301.  "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." <u>Storck</u>, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

The Plaintiff cannot meet his burden of demonstrating a constitutional violation or showing that clearly established law provided the Defendants with fair warning that their conduct was unlawful in any of the areas of which the Plaintiff complains.  Therefore, the Defendants are entitled to qualified immunity.

**D.    The Plaintiff has failed to allege sufficient personal involvement on each claim.**

The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the defendants and the constitutional deprivation.  <u>Swint v. City of Wadley</u>, 51 F. 3d 988 (11th Cir. 1995).  The requisite causal connection may be shown by the personal participation of the defendant, a policy established by the defendant resulting in deliberate indifference to constitutional rights or a breach of a duty imposed state of local law which results in constitutional injury.  <u>Zatler v. Wainwright</u>, 802 F. 2d 397, 401 (11th Cir. 1986).

The Plaintiff has failed to make sufficient allegations demonstrating that *any* of the Defendants were involved with the alleged problem with "body fluids."  Further, the evidence shows that none of the Defendants were involved with the alleged problem with "bugs."  Finally, the evidence shows that Officer Tucker was not involved with the alleged toilet problem, and the Plaintiff has failed to make *any* allegations against Sheriff Jones.  In fact, Sheriff Jones is not mentioned at all with regard to any factual allegations.  The Plaintiff does not allege a breach of a duty imposed by state or local law or a policy that resulted in deliberate indifference.  As to

Sergeant Jones, Officer Sellers, and Officer Tucker, the Plaintiff only alleges that they were "involved," but does not allege how they were involved.

The lack of factual allegations against the Defendants make it clear that the Plaintiff is attempting to hold the Defendants liable on the theory of *respondeat superior*. To the extent that the Plaintiff's claims are an attempt to hold the Defendants liable under a *respondeat superior* theory, his claim must similarly fail. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). The Eleventh Circuit in Hartley v. Parnell, 193 F.3d 1263 (11th Cir. 1999), established exactly what is required to state a claim (or prove) supervisory liability:

> Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).

193 F.3d at 1269. The causal connection may also be established where the supervisor's improper "custom or policy . . . result[s] in deliberate indifference to constitutional rights." Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986)). In light of the applicable law, the Plaintiff's allegations are insufficient to create liability on the part of the Defendants. As such, Plaintiff's claims are due to be dismissed against all the Defendants.

### E. This Court lacks subject matter jurisdiction over the Plaintiff's claims for injunctive relief.

Subject matter jurisdiction is a "threshold issue" which a Plaintiff must establish to the Court's satisfaction before he may prevail on any of his claims. See generally, Rosado v.

<u>Wyman</u>, 397 U.S. 397, 402 (1970); <u>Ellis v. General Motors Acceptance Corp.</u>, 160 F.3d 703, 706 (11th Cir. 1998). In the instant case, the Plaintiff has been released from the Lee County Detention Center. Therefore, this Court lacks subject matter jurisdiction over the claims for injunctive relief due to the mootness of these claims and the Plaintiff's lack of standing to pursue these claims.

### 1. The Plaintiff's claims for injunctive relief are moot.

"[A] moot suit 'cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it.'" <u>Nat'l Adver. Co. v. City of Miami</u>, 402 F.3d 1329, 1332 (11th Cir. 2005). Because Plaintiff has been released from the Lee County Detention Center, his claims for injunctive relief are moot. <u>Zatler</u>, 802 F.2d at 399 ("In view of [the plaintiff's] subsequent release [from the correctional facility where claims arose], we find that his claims for declaratory and injunctive relief are now moot."); <u>see also</u> <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred. Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.") (citations omitted); <u>Cotterall v. Paul</u>, 755 F.2d 777, 780 (11th Cir. 1985) (holding that prisoner's claim for injunctive relief was moot and properly dismissed, where prisoner had been transferred from county jail in which unconstitutional conditions allegedly existed); <u>McKinnon v. Talladega County</u>, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." (citation omitted)). Accordingly, the Plaintiff's requests for injunctive relief are moot.

2.    **The Plaintiff lacks standing to pursue his claims for injunctive relief.**

A plaintiff seeking the jurisdiction of the federal courts must show a personal stake in the outcome.  Baker v. Carr, 369 U.S. 186, 204 (1962).  The plaintiff must have sustained, or be about to sustain, some direct injury.  Golden v. Zwickler, 394 U.S. 103, 109-10 (1969).  As stated above, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).

In City of Los Angeles v. Lyons, the plaintiff alleged that he had been subjected to a chokehold by arresting officers in violation of his federally protected rights.  461 U.S. 95, 97 (1983).  The plaintiff sought an injunction barring the future use of police chokeholds.  Id. 461 U.S. at 98.  After the Ninth Circuit affirmed the district court's grant of a preliminary injunction, the United States Supreme Court reversed, holding that the plaintiff lacked standing.  Id. 461 U.S. at 99-100.  The Court stated that the plaintiff's standing rested solely on pure speculation that he *might* be stopped by the police, *might* be arrested, and *might* again create a disturbance in the jail and *might* be subjected to another chokehold.  Id. 461 U.S. at 108.  The court noted that five months elapsed between the choking incident and the filing of the complaint and the plaintiff was not subjected to another chokehold.  Id.

Here, any injunctive relief is equally speculative.  Because he is no longer incarcerated in the Lee County Detention Center, the Plaintiff's claim is, in essence, that he *might* be released from the facility at which he is currently incarcerated, *might* be stopped by police, *might* be arrested by an officer with authority to incarcerate someone in the Lee County Detention Center, that he *might* be booked into the Lee County Detention Center, that he *might* be subjected to the alleged conditions made the basis of his Complaint.  Such speculation into future conduct does

not grant the Plaintiff standing. See Lyons, 461 U.S. at 108. Accordingly, the Plaintiff's requests for injunctive relief are due to be dismissed for lack of standing.

### F.     Summary Judgment Standard

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. Greason v. Kemp, 891 F.2d 829, 831 (11th Cir. 1990). However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[14] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Massachusetts Sch. of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

### CONCLUSION

The Defendants deny each and every allegation made by the Plaintiff Arthur James Tigner in the Complaint. The Defendants have not acted in a manner so as to deprive the Plaintiff of any right to which he is entitled.

---

[14] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## MOTION FOR SUMMARY JUDGMENT

The Defendants respectfully request that this Honorable Court treat their Special Report as a Motion for Summary Judgment, and grant unto them the same.

Respectfully submitted this 6th day of November, 2006.

> **s/Amanda Kay Morgan**
> AMANDA KAY MORGAN Bar No.  ALL079
> Attorney for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  amorgan@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of November, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

> Arthur James Tigner
> AIS 152184
> Bullock Correctional Facility
> PO Box 5107
> Union Springs, AL 36089-5107

> **s/Amanda Kay Morgan**
> OF COUNSEL

# Exhibit A
# Inmate File of Arthur James Tigner
# Booking Sheet dated June 22, 2004

```
                            LEE COUNTY SHERIFF'S OFFICE
06/22/2006    13:29:53         INMATE BOOKING SHEET                    PAGE    2
================================================================================
BOOKING NO: 060003069    INMATE NAME: TIGNER ARTHUR JAMES
================================================================================
          COURT:                      ATTORNEY ON REC:
          JUDGE:                              PHONE: 000-000-0000
        REMARKS:
        REMARKS:
--------------------------------------------------------------------------------
    BOOK DATE: 06/22/2006  BOOK TIME: 13:15  BOOK TYPE: NORMAL

  ARREST DATE: 06/22/2006          BOOKING OFFICER: TORBERT 43D32
  ARREST DEPT: LCSO                CELL ASSIGNMENT: E4
ARRST OFFICER: BERR                     MEAL CODE: 01   LEE COUNTY
PROJ. RLSDATE: 00/00/0000                FACILITY: 01   COUNTY JAIL
 SEARCH OFFCR: TORBERT 43D32        CLASSIFICATION:
  TYPE SEARCH: DRESSED                WORK RELEASE: N
INTOX RESULTS:

        HOLDS: N
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:

        NOTES:
        NOTES:
        NOTES:
```

```
                        LEE COUNTY SHERIFF'S OFFICE
06/22/2006    13:29:53        INMATE CHARGE SHEET                    PAGE    3
================================================================================
BOOKING NO: 060003069    INMATE NAME: TIGNER ARTHUR JAMES
================================================================================
  CHARGE NO:   1  DISPOSITION: OPEN                   HOLD: N

ALA STATUTE:                        # OF COUNTS:    0
    OFFENSE: POR VIO                  WARRANT #: CC1995000116..
    CASE #: CC199500011600
   BOND AMT: 0                             FINE:        $0.00
   BAIL AMT: 0
INIT APPEAR: 00/00/0000         SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 06/22/2006           ARST AGENCY: LCSO
ARST OFFICR: BARR                     COUNTY: LEE
      COURT:                           JUDGE:
DEF ATTORNY:                    DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
--------------------------------------------------------------------------------
```

**Exhibit B**
**Inmate File of Arthur James Tigner**
**Release Sheet dated August 13, 2006, pp. 2-3**

```
                            LEE COUNTY SHERIFF'S OFFICE
08/13/2006    20:41:00       INMATE RELEASE SHEET                    PAGE     1
================================================================================
BOOKING NO: 060003069

INMATE NAME: TIGNER ARTHUR JAMES
      ALIAS: TIGNOR JAMES ARTHUR              RACE: B       SEX: M
      ALIAS: TIGNOR JAMES ARTHUR              HT: 5'10"  HAIR: BLK
    ADDRESS: 4616 LR 391                      WT: 255    EYES: BRO
CITY/ST/ZIP: OPELIKA, AL 36804            COMPLEX:
 HOME PHONE: ████████████                     SSN: ████████████
        DOB: ████████   AGE:  37           DL ST: AL      DLN: ████████████
 PLCE BIRTH: OPELIKA                          SID:
      STATE: AL                             LOCID: 4956
  M. STATUS: MARRIED
   RELIGION: MUS
GANG ASSOC: NONE
SCARS/TATTOOS: SCAR ON RT HAND
KNOWN ENEMIES: NONE CLAIMED
    REMARKS:
------------------------------ NEXT OF KIN ------------------------------------
 NEXT OF KIN: SHERRELL TIGNOR             RELATIONSHIP: WIFE
     ADDRESS: SAA                                PHONE: 000-000-0000
 CITY/ST/ZIP: ,
     REMARKS:
----------------------------- EMPLOYER INFO -----------------------------------
    EMPLOYED: Y
EMPLOYER NAME: SELF
     ADDRESS: 4616 LEE RD. 391 LOT # 5
 CITY/ST/ZIP: OPELIKA, AL 36804
       PHONE: ████████████
------------------------------- MEDICAL ---------------------------------------
 HANDICAPPED: N   NEEDS: NONE
     GLASSES: N   SMOKE: N
MEDICAL NEEDS: N   NEEDS: NONE
   PHYSICIAN:                             PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
------------------------------- PROPERTY --------------------------------------
        CASH:      $03.00
 DESCRIPTION:
ADD. PROPERTY: STREET CLOTHES 1 SET OF KEYS NECKLACE WITH COIN
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER: 85
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _____   DATE: 8-14-06   TIME: 09:00

BOOK OFFICER: _____  DATE: 8-14-06   TIME: 09:00
```

```
                         LEE COUNTY SHERIFF'S OFFICE
08/13/2006    20:41:00         INMATE RELEASE SHEET                  PAGE    2
================================================================================
BOOKING NO: 060003069    INMATE NAME: TIGNER ARTHUR JAMES
================================================================================
        COURT:                    ATTORNEY ON REC:
        JUDGE:                          PHONE: 000-000-0000
      REMARKS:
      REMARKS:
--------------------------------------------------------------------------------
    BOOK DATE: 06/22/2006  BOOK TIME: 13:15  BOOK TYPE: NORMAL

  ARREST DATE: 06/22/2006        BOOKING OFFICER: TORBERT 43D32
  ARREST DEPT: LCSO              CELL ASSIGNMENT:
ARRST OFFICER: BERR                   MEAL CODE: 01   LEE COUNTY
PROJ. RLSDATE: 00/00/0000              FACILITY: 01   COUNTY JAIL
 SEARCH OFFCR: TORBERT 43D32      CLASSIFICATION:
  TYPE SEARCH: DRESSED            WORK RELEASE: N
INTOX RESULTS:

        HOLDS: N
       AGENCY:              REASON:
       AGENCY:              REASON:
       AGENCY:              REASON:
       AGENCY:              REASON:

        NOTES:
        NOTES:
        NOTES:
================================================================================
 RELEASE DATE: 08/13/2006  RELEASE TIME: 20:40    # DAYS SERVED:   53

RELEASE OFFICER: COWHICK
   RELEASE TYPE: RELEASED TO KILBY PRISON
       REMARKS:
       REMARKS:
       REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:_____     DATE:_____    TIME:_____

BOOK OFFICER:_____     DATE:_____    TIME:_____
```

```
                             LEE COUNTY SHERIFF'S OFFICE
08/13/2006    20:41:00          INMATE CHARGE SHEET                    PAGE    3
================================================================================
BOOKING NO: 060003069     INMATE NAME: TIGNER ARTHUR JAMES
================================================================================
   CHARGE NO:   1  DISPOSITION: RELEASED              HOLD: N

ALA STATUTE: CC95-116                # OF COUNTS:    0
    OFFENSE: PAROLE VIOLATION          WARRANT #:
     CASE #: CC95-116
   BOND AMT: 0                              FINE:         $0.00
   BAIL AMT: 0
INIT APPEAR: 00/00/0000              SENTENCE DATE: 00/00/0000
RELEASE DTE: 08/13/2006
ARREST DATE: 06/22/2006               ARST AGENCY: LCSO
ARST OFFICR: BARR                         COUNTY: LEE
      COURT:                               JUDGE:
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS: INMATE RELEASED BY L43D19
--------------------------------------------------------------------------------
```

# Exhibit C
# Affidavit of
# Sheriff Jay Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ARTHUR JAMES TIGNER,                )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )    Civil Action No.  3:06-cv-00713-MHT-SRW
                                    )
OFFICER SELLER, et al.,             )
                                    )
        Defendants.                 )

## AFFIDAVIT OF JAY JONES

STATE OF ALABAMA        )
                        )
COUNTY OF LEE           )

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Jay Jones, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.      My name is Jay Jones.  I am over the age of nineteen and competent to execute this affidavit.

2.      I am the duly elected Sheriff of Lee County, Alabama, and have served in such capacity since 1999.

3.      I am familiar with the Plaintiff Arthur James Tigner due to his incarceration in the Lee County Detention Center.  I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.  In fact, I was not present at the Lee County Detention Center at night on the dates noted in the Plaintiff's Complaint.

4.      I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    I have delegated the responsibility for the day-to-day functions of the Lee County Detention Center to Major Cary Torbert, Jr., the Chief Deputy of Corrections of the Lee County Detention Facility. As Sheriff of Lee County, I am responsible for promulgating the policies governing the Lee County Detention Facility.

6.    It is the policy of the Lee County Sheriff that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy Sheriff, or Detention Center personnel. All properly submitted nonmedical request forms are answered, and a copy is placed in the inmate's inmate file. All medical request forms are forwarded to the medical staff to be answered, and a copy of the answered request form is filed in that inmate's medical file.

7.    Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which are handled immediately without a written request. Inmates housed in the Lee County Detention Center will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

8.    I have never received a request form from the Plaintiff regarding any of the allegations made the basis of his Complaint.

2

9.    I was not aware of any problem that the Plaintiff allegedly had with the toilet in his cell. I was further unaware of any other problems that the Plaintiff allegedly had that are mentioned in his Complaint.

10.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff that inmates are permitted to submit grievances and that each grievance will be acted upon.

11.    All inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to me, and I will make the final decision.

12.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint. Per my policy, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

13.    All properly submitted nonmedical grievances are answered, and a copy is placed in the inmate's inmate file. All properly submitted medical grievances are answered, and a copy is placed in the inmate's medical file.

14.    It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

3

15.    It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment.

16.    Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.

17.    The first and second Shift Supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.

18.    Each cleaning consists of the following: Floors are swept and mopped. Toilets are scrubbed with toilet cleanser and disinfectant. Sinks and showers are scrubbed with scouring cleanser and disinfectant. Tables and benches are washed. Bunks and sleeping areas are made clean and orderly. Trash receptacles are emptied and washed daily.

19.    The Shift Supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time.

20.    The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

21.    It is the policy of the Lee County Sheriff to maintain a high level of pest and vermin control within the Lee County Detention Center in order to ensure a minimum level of pest infestation.

22.    The Chief Deputy Sheriff ensures that all areas of the Lee County Detention Center are sprayed with insecticide at least once each month. A licensed pest control service is contracted to provide control for vermin and insects. Detention Center personnel utilize

this service to the maximum extent allowed in order to prevent and control the infestation of pests and vermin.

23.    Shift Supervisors ensure that all appropriate areas of the Detention Center are treated with any additional insecticides or powders necessary as directed by the Chief Deputy.

24.    All Shift Supervisors, when conducting daily housekeeping inspections, look for possible or potential pest problems.

25.    It is the policy of the Lee County Sheriff that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair.

26.    Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature.

27.    An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or contact maintenance personnel to fix the toilet.

28.    The Lee County Sheriff's Office employs full time maintenance personnel who are available to repair any toilet which is broken.

29.    Inmates have access to three or four toilets within their cellblock. There is a toilet in each cell in the cellblock. There is also a toilet in the dayroom of each cellblock.

30.    In the event that a toilet cannot be repaired before the inmates lock down in their cells at night, any inmate housed in the cell with the broken toilet is to be given the opportunity to use the toilet during any time that he needs to during the night.

31.    I am not aware that the Plaintiff was ever denied access to a working toilet. In fact, it would be a direct violation of policy for an inmate to ever be denied access to a working toilet.

32.    A member of the Detention Center staff must inspect the entire Detention Center facility at least once each hour.   However, at least one Detention Center staff member is normally in each inmate hall at least every 15 to 20 minutes.

33.    I have complied with all policies and procedures of the Lee County Detention Facility. I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

34.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

JAY JONES

**SWORN TO** and **SUBSCRIBED** before me this _1_ day of November, 2006.

NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES FEB. 10, 2007

6

**Exhibit D**
**Affidavit of**
**Sergeant Timothy Jones**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ARTHUR JAMES TIGNER,                )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        Civil Action No.  3:06-cv-00713-MHT-SRW
                                    )
OFFICER SELLER, et al.,             )
                                    )
        Defendants.                 )

<u>AFFIDAVIT OF TIMOTHY JONES</u>

STATE OF ALABAMA            )
                            )
COUNTY OF LEE               )

   **BEFORE ME**, the undersigned authority and Notary Public in and for said County and

State at large, personally appeared Timothy Jones, who being known to me and being by me first

duly sworn on oath deposes and says as follows:

   1.    My name is Timothy Jones.  I am over the age of nineteen and competent to

execute this affidavit.

   2.    At the time of the allegations of the Plaintiff's Complaint, I was serving as a

Corrections Officer at the Lee County Detention Center and had served in that capacity since

March of 1995.  I have achieved the rank of Sergeant.  I am a graduate of the Alabama Jail

Management School.  I am currently enrolled at the Alabama Police Academy in Anniston,

Alabama.

   3.    I am familiar with the Plaintiff Arthur James Tigner due to his incarceration in the

Lee County Detention Center.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    It is the policy of the Lee County Sheriff that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy Sheriff, or Detention Center personnel. All properly submitted nonmedical request forms are answered, and a copy is placed in the inmate's inmate file. All medical request forms are forwarded to the medical staff to be answered, and a copy of the answered request form is filed in that inmate's medical file.

6.    Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which are handled immediately without a written request. Inmates housed in the Lee County Detention Center will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

7.    I have never received a request form from the Plaintiff regarding any of the allegations made the basis of his Complaint.

2

8.     Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff that inmates are permitted to submit grievances and that each grievance will be acted upon.

9.     All inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

10.     I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.

11.     All properly submitted nonmedical grievances are answered, and a copy is placed in the inmate's inmate file. All properly submitted medical grievances are answered, and a copy is placed in the inmate's medical file.

12.     It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

13.     It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment.

14.     Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.

15.     The first and second Shift Supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.

16.     Each cleaning consists of the following: Floors are swept and mopped. Toilets are scrubbed with toilet cleanser and disinfectant. Sinks and showers are scrubbed with scouring cleanser and disinfectant. Tables and benches are washed. Bunks and sleeping areas are made clean and orderly. Trash receptacles are emptied and washed daily.

17.     The Shift Supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time.

18.     The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

19.     It is the policy of the Lee County Sheriff to maintain a high level of pest and vermin control within the Lee County Detention Center in order to ensure a minimum level of pest infestation.

20.     The Chief Deputy Sheriff ensures that all areas of the Lee County Detention Center are sprayed with insecticide at least once each month. A licensed pest control service is contracted to provide control for vermin and insects. Detention Center personnel utilize this service to the maximum extent allowed in order to prevent and control the infestation of pests and vermin.

21.     Shift Supervisors ensure that all appropriate areas of the Detention Center are treated with any additional insecticides or powders necessary as directed by the Chief Deputy.

22.    All Shift Supervisors, when conducting daily housekeeping inspections, look for possible or potential pest problems.

23.    It is the policy of the Lee County Sheriff that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair.

24.    Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature.

25.    An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or contact maintenance personnel to fix the toilet.

26.    The Lee County Sheriff employs full time maintenance personnel who are available to repair any toilet which is broken.

27.    Inmates have access to three or four toilets within their cellblock. There is a toilet in each cell in the cellblock. There is also a toilet in the dayroom of each cellblock.

28.    In the event that a toilet cannot be repaired before the inmates lock down in their cells at night, any inmate housed in the cell with the broken toilet is to be given the opportunity to use the toilet during any time that he needs to during the night.

29.    One night as the inmates were locking down, the Plaintiff complained to me and Sergeant Jones that his toilet was stopped up. Therefore, we told him that we would move him to another cell with a working toilet. However, the Plaintiff told us that he did not want to move.

30.    Other than this conversation with the Plaintiff, he never made any complaints to me, and I was unaware of any other alleged problems until I received the Plaintiff's lawsuit.

5

31.    A member of the Detention Center staff must inspect the entire Detention Center facility at least once each hour.  However, at least one Detention Center staff member is normally in each inmate hall at least every 15 to 20 minutes.

32.    Therefore, the Plaintiff had the opportunity to ask any staff member to unlock his door and let him go to use another toilet during the night.

33.    The Plaintiff did not ever ask me to let him out of his cell during the night to use the restroom.

34.    I am not aware that the Plaintiff was ever denied access to a working toilet.  In fact, it would be a direct violation of policy for an inmate to ever be denied access to a working toilet.

35.    I have complied with all policies and procedures of the Lee County Detention Facility.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

36.    I swear to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.


_____
TIMOTHY JONES

**SWORN TO** and **SUBSCRIBED** before me this __3__ day of November, 2006.


_____
NOTARY PUBLIC
My Commission Expires:_____

# Exhibit E
# Affidavit of
# Corrections Officer David Sellers

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR JAMES TIGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  3:06-cv-00713-MHT-SRW |
| | ) | |
| OFFICER SELLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DAVID SELLERS

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared David Sellers, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.    My name is David Sellers.  I am over the age of nineteen and competent to execute this affidavit.

2.    I have served as a corrections officer at the Lee County Detention Center since July 11, 2005. I am a graduate of the Alabama Jail Management School.

3.    I am familiar with the Plaintiff Arthur James Tigner due to his incarceration in the Lee County Detention Center.

4.    I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.      It is the policy of the Lee County Sheriff that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy Sheriff, or Detention Center personnel. All properly submitted nonmedical request forms are answered, and a copy is placed in the inmate's inmate file. All medical request forms are forwarded to the medical staff to be answered, and a copy of the answered request form is filed in that inmate's medical file.

6.      Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which are handled immediately without a written request. Inmates housed in the Lee County Detention Center will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

7.      I have never received a request form from the Plaintiff regarding any of the allegations made the basis of his Complaint.

8.      Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff that inmates are permitted to submit grievances and that each grievance will be acted upon.

2

9.    All inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

10.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.

11.    All properly submitted nonmedical grievances are answered, and a copy is placed in the inmate's inmate file. All properly submitted medical grievances are answered, and a copy is placed in the inmate's medical file.

12.    It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

13.    It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment.

14.    Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.

15.     The first and second Shift Supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.

16.     Each cleaning consists of the following:  Floors are swept and mopped.  Toilets are scrubbed with toilet cleanser and disinfectant.  Sinks and showers are scrubbed with scouring cleanser and disinfectant.  Tables and benches are washed.  Bunks and sleeping areas are made clean and orderly.  Trash receptacles are emptied and washed daily.

17.     The Shift Supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time.

18.     The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

19.     It is the policy of the Lee County Sheriff to maintain a high level of pest and vermin control within the Lee County Detention Center in order to ensure a minimum level of pest infestation.

20.     The Chief Deputy Sheriff ensures that all areas of the Lee County Detention Center are sprayed with insecticide at least once each month.  A licensed pest control service is contracted to provide control for vermin and insects.  Detention Center personnel utilize this service to the maximum extent allowed in order to prevent and control the infestation of pests and vermin.

21.     Shift Supervisors ensure that all appropriate areas of the Detention Center are treated with any additional insecticides or powders necessary as directed by the Chief Deputy.

22.     All Shift Supervisors, when conducting daily housekeeping inspections, look for possible or potential pest problems.

4

23.    It is the policy of the Lee County Sheriff that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair.

24.    Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature.

25.    An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or contact maintenance personnel to fix the toilet.

26.    The Lee County Sheriff's Office employs full time maintenance personnel who are available to repair any toilet which is broken.

27.    Inmates have access to three or four toilets within their cellblock. There is a toilet in each cell in the cellblock. There is also a toilet in the dayroom of each cellblock.

28.    In the event that a toilet cannot be repaired before the inmates lock down in their cells at night, any inmate housed in the cell with the broken toilet is to be given the opportunity to use the toilet during any time that he needs to during the night.

29.    One night as the inmates were locking down, the Plaintiff complained to me and Sergeant Jones that his toilet was stopped up. Therefore, we told him that we would move him to another cell with a working toilet. However, the Plaintiff told us that he did not want to move.

30.    Other than this conversation with the Plaintiff, he never made any complaints to me, and I was unaware of any other alleged problems until I received the Plaintiff's lawsuit.

31.    A member of the Detention Center staff must inspect the entire Detention Center facility at least once each hour. However, at least one Detention Center staff member is normally in each inmate hall at least every 15 to 20 minutes.

5

32.     Therefore, the Plaintiff had the opportunity to ask any staff member to unlock his door and let him go to use another toilet during the night.

33.     The Plaintiff did not ever ask me to let him out of his cell during the night to use the restroom.

34.     I am not aware that the Plaintiff was ever denied access to a working toilet.  In fact, it would be a direct violation of policy for an inmate to ever be denied access to a working toilet.

35.     I have complied with all policies and procedures of the Lee County Detention Facility.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

36.     I swear to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

_____
DAVID SELLERS

**SWORN TO** and **SUBSCRIBED** before me this _2_ day of November, 2006.

_____
NOTARY PUBLIC
My Commission Expires:_____

6

**Exhibit F**
**Affidavit of**
**Corrections Officer Danny Tucker**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| ARTHUR JAMES TIGNER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 3:06-cv-00713-MHT-SRW |
| | ) |
| OFFICER SELLER, et al., | ) |
| | ) |
|     Defendants. | ) |

## AFFIDAVIT OF DANNY TUCKER

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF LEE | ) |

**BEFORE ME**, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Danny Tucker, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.     My name is Danny Tucker. I am over the age of nineteen and competent to execute this affidavit.

2.     I have served as a corrections officer at the Lee County Detention Center since January of 2003. I am a graduate of the Alabama Jail Management School.

3.     I am familiar with the Plaintiff Arthur James Tigner due to his incarceration in the Lee County Detention Center. I have no personal knowledge of any of the specific allegations that form the basis of Plaintiff's Complaint.

4.     I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

5.    It is the policy of the Lee County Sheriff that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy Sheriff, or Detention Center personnel. All properly submitted nonmedical request forms are answered, and a copy is placed in the inmate's inmate file. All medical request forms are forwarded to the medical staff to be answered, and a copy of the answered request form is filed in that inmate's medical file.

6.    Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which are handled immediately without a written request. Inmates housed in the Lee County Detention Center will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

7.    I have never received a request form from the Plaintiff regarding any of the allegations made the basis of his Complaint. Further, I was unaware of any of the alleged problems that are mentioned in his Complaint.

2

8.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff that inmates are permitted to submit grievances and that each grievance will be acted upon.

9.    All inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

10.    I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint.

11.    All properly submitted nonmedical grievances are answered, and a copy is placed in the inmate's inmate file. All properly submitted medical grievances are answered, and a copy is placed in the inmate's medical file.

12.    It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

13.    It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment.

3

14.    Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.

15.    The first and second Shift Supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.

16.    Each cleaning consists of the following: Floors are swept and mopped. Toilets are scrubbed with toilet cleanser and disinfectant. Sinks and showers are scrubbed with scouring cleanser and disinfectant. Tables and benches are washed. Bunks and sleeping areas are made clean and orderly. Trash receptacles are emptied and washed daily.

17.    The Shift Supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time.

18.    The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

19.    It is the policy of the Lee County Sheriff to maintain a high level of pest and vermin control within the Lee County Detention Center in order to ensure a minimum level of pest infestation.

20.    The Chief Deputy Sheriff ensures that all areas of the Lee County Detention Center are sprayed with insecticide at least once each month. A licensed pest control service is contracted to provide control for vermin and insects. Detention Center personnel utilize this service to the maximum extent allowed in order to prevent and control the infestation of pests and vermin.

21.    Shift Supervisors ensure that all appropriate areas of the Detention Center are treated with any additional insecticides or powders necessary as directed by the Chief Deputy.

22.    Shift Supervisors ensure that all appropriate areas of the Detention Center are treated with any additional insecticides or powders deemed necessary by the Chief Deputy Sheriff at the Chief Deputy Sheriff's direction.

23.    All Shift Supervisors, when conducting daily housekeeping inspections, look for possible or potential pest problems.

24.    It is the policy of the Lee County Sheriff that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair.

25.    Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature.

26.    An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or contact maintenance personnel to fix the toilet.

27.    The Lee County Sheriff's Office employs full time maintenance personnel who are available to repair any toilet which is broken.

28.    Inmates have access to three or four toilets within their cellblock. There is a toilet in each cell in the cellblock. There is also a toilet in the dayroom of each cellblock.

29.    In the event that a toilet cannot be repaired before the inmates lock down in their cells at night, any inmate housed in the cell with the broken toilet is to be given the opportunity to use the toilet during any time that he needs to during the night.

30.    I did not know of the problem with the Plaintiff's toilet, and I did not hear the conversation that took place between the Plaintiff, Sergeant Jones, and Officer Sellers regarding the toilet issue.

31.    I am not aware that the Plaintiff was ever denied access to a working toilet.  In fact, it would be a direct violation of policy for an inmate to ever be denied access to a working toilet.

32.    A member of the Detention Center staff must inspect the entire Detention Center facility at least once each hour.  However, at least one Detention Center staff member is normally in each inmate hall at least every 15 to 20 minutes.

33.    The Plaintiff has not ever asked me to let him out of his cell during the night to use the restroom.

34.    I have complied with all policies and procedures of the Lee County Detention Facility.  I am not aware of nor have I authorized or allowed any deviation from said policies and procedures.

35.    I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

DANNY TUCKER

**SWORN TO** and **SUBSCRIBED** before me this _3_ day of November, 2006.

NOTARY PUBLIC
My Commission Expires:___MY COMMISSION EXPIRES FEB. 10, 2007

6

# Exhibit G
# Affidavit of
# Major Cary Torbert, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ARTHUR JAMES TIGNER,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　Civil Action No.  3:06-cv-00713-MHT-SRW
　　　　　　　　　　　　　　　　　　)
OFFICER SELLER, et al.,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　)

## AFFIDAVIT OF CARY TORBERT, JR.

STATE OF ALABAMA　　　　　)
　　　　　　　　　　　　　　)
COUNTY OF LEE　　　　　　　)

**BEFORE ME,** the undersigned authority and Notary Public in and for said County and State at large, personally appeared Cary Torbert, Jr., who being known to me and being by me first duly sworn on oath deposes and says as follows:

1.　　　My name is Cary Torbert, Jr.  I am over the age of nineteen and competent to execute this affidavit.

2.　　　I serve as Chief Deputy of Corrections of the Lee County Detention Center and have obtained the rank of Major.  I have worked with the Lee County Sheriff's Office for over 34 years.

3.　　　I am familiar with the Plaintiff Arthur James Tigner due to his incarceration in the Lee County Detention Facility.

4.　　　It is the policy of the Lee County Sheriff that members of the Detention Center staff receive and answer any written grievances or requests made by inmates to the Sheriff, Chief Deputy Sheriff, or Detention Center personnel.  All properly submitted nonmedical request

forms are answered, and a copy is placed in the inmate's inmate file. All medical request forms are forwarded to the medical staff to be answered, and a copy of the answered request form is filed in that inmate's medical file. The Plaintiff was aware of the request procedure as evidenced by the request forms he has filed that were answered and are present in his inmate file.

5.    Requests for medical attention, telephone calls, or other matters must be made in writing on an Inmate Request Form. An exception exists for requests of an emergency nature which are handled immediately without a written request. Inmates housed in the Lee County Detention Center will be furnished with Inmate Request Forms for the purpose of stating their requests or grievances in writing. Detention Center personnel are charged with the responsibility of receiving and forwarding these forms to the proper authority at any time they are offered a completed form by an inmate. The officer receiving the request form is to answer the request if possible. If that officer is unable to answer the request, he is to forward it to the appropriate individual and/or up the chain of command until the request is answered. If the request form is directed to a particular officer, the officer receiving the request will forward the request to the officer to whom the request is directed. If the officer to whom the request is directed is not on duty that day, the request will be addressed on that officer's next scheduled working day.

6.    Internal grievance procedures at the Lee County Detention Center are available to all inmates. It is the policy of the Lee County Sheriff that inmates are permitted to submit grievances and that each grievance will be acted upon.

7.    All inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The inmate handbook states that an inmate may report a grievance on an inmate request form. Grievances are first answered by the appropriate staff at the lowest level in the

2

chain of command. The inmate handbook also states that if the inmate is not satisfied with the first answer to his grievance, the inmate may appeal all the way up the chain of command, up to the Sheriff, who will make the final decision.

8.     The Plaintiff was familiar with the process for submitting inmate grievances as evidenced by the grievance that he filed on a matter unrelated to his Complaint that is answered and present in his inmate file.

9.     I have never received a grievance from the Plaintiff concerning any of the allegations made the basis of his Complaint. Per the policy of the Lee County Sheriff, an inmate has the opportunity to appeal any grievance to me if he were not satisfied with the response at the lower levels in the chain of command. The Plaintiff has not appealed any grievance to me. Accordingly, the Plaintiff has failed to exhaust his administrative remedies at the Lee County Detention Center.

10.     All properly submitted nonmedical grievances are answered, and a copy is placed in the inmate's inmate file. All properly submitted medical grievances are answered, and a copy is placed in the inmate's medical file. Upon my review of the Plaintiff's inmate file, there are no grievances concerning the allegations made the basis of his Complaint.

11.     It is the policy of the Lee County Sheriff to maintain a healthy environment within the Lee County Detention Center for the benefit of both inmates and the Detention Center staff.

12.     It is the policy of the Lee County Sheriff that the staff of the Lee County Detention Center maintain strict sanitation practices which will provide persons incarcerated in the Detention Center and members of the Detention Center staff with a healthy and sanitary living and working environment.

13.    Inmate housing areas are cleaned by the inmates assigned to that cell at least two times daily.

14.    The first and second Shift Supervisors ensure that appropriate cleaning supplies and equipment are issued to inmates and ensure that inmates are properly instructed to clean their cells and common areas.

15.    Each cleaning consists of the following: Floors are swept and mopped. Toilets are scrubbed with toilet cleanser and disinfectant. Sinks and showers are scrubbed with scouring cleanser and disinfectant. Tables and benches are washed. Bunks and sleeping areas are made clean and orderly. Trash receptacles are emptied and washed daily.

16.    The Shift Supervisor on duty will require inmates to re-clean any areas which are not cleaned correctly the first time.

17.    The Lee County Detention Center staff also uses a steam sanitizer on a regular basis to clean the shower areas of the Facility.

18.    It is the policy of the Lee County Sheriff to maintain a high level of pest and vermin control within the Lee County Detention Center in order to ensure a minimum level of pest infestation.

19.    I ensure that all areas of the Lee County Detention Center are sprayed with insecticide at least once each month. A licensed pest control service is contracted to provide control for vermin and insects. Detention Center personnel utilize this service to the maximum extent allowed in order to prevent and control the infestation of pests and vermin.

20.    Shift Supervisors ensure that all appropriate areas of the Detention Center are treated with any additional insecticides or powders that are necessary at my direction.

4

21.    All Shift Supervisors, when conducting daily housekeeping inspections, look for possible or potential pest problems.

22.    It is the policy of the Lee County Sheriff that the Lee County Detention Center accomplish scheduled maintenance in order to ensure that the Detention Center facility and equipment are kept in good repair.

23.    Plumbing should be maintained in a serviceable condition, be free from leakage, have enough pressure to accomplish the tasks intended, and water should be the appropriate temperature.

24.    An inmate has the opportunity to notify any officer if any toilet is not in working order, and that officer will either fix the toilet or contact maintenance personnel to fix the toilet.

25.    The Lee County Sheriff's Office employs full time maintenance personnel who are available to repair any toilet which is broken.

26.    Inmates have access to three or four toilets within their cellblock. There is a toilet in each cell in the cellblock. There is also a toilet in the dayroom of each cellblock.

27.    In the event that a toilet cannot be repaired before the inmates lock down in their cells at night, any inmate housed in the cell with the broken toilet is to be given the opportunity to use the toilet during any time that he needs to during the night.

28.    It would be a direct violation of policy for an inmate to ever be denied access to a working toilet.

29.    A member of the Detention Center staff must inspect the entire Detention Center facility at least once each hour. However, at least one Detention Center staff member is normally in each inmate hall at least every 15 to 20 minutes.

5

30. All Lee County Detention Center records, including the Plaintiff's Inmate File, are attached to the Special Report are true and accurate copies of jail documents kept by me in the ordinary course of my business. I am the custodian of these records.

31. I swear, to the best of my present knowledge and information that the above statements are true, that I am competent to make this affidavit and that the above statements were made by drawing from my personal knowledge of the situation.

CARY TORBERT, JR.

**SWORN TO** and **SUBSCRIBED** before me this ___ day of November, 2006.

NOTARY PUBLIC    MY COMMISSION EXPIRES FEB. 10, 2007

My Commission Expires: _____

# Exhibit H
# Inmate File of Arthur James Tigner
# Request Forms

## County Detention Center
## INMATE REQUEST SLIP

Name ARthuR JAMES TigNER

Date 3-2-06

LOCATION E-3

☐ Telephone Call   ☐ Doctor   ☑ Dentist   ☐ Time Sheet
☐ Special Visit   ☑ Personal Problem   ☐ Other

Briefly Outline Your Request. Give To Jailer

I NEED SOMEONE to TAKE ME to the CitY JAIL
TR Court on Monday 3-6-06 So will You
PLease HAVE SOMEONE TAKE Me to CouRt on
MonDAY 3-6-06. At the CitY JAIL ThANK You
For YouR Time And HelP IntanViewe By ArthuR TigNER
And I NeeD to go to the DentiSt Real End
my tooth is bRoking

Do Not Write Below This Line - For Reply Only

INMATE TignR WAS TAKEN TO
O.R.D cuRT ON 3-6-06

[signature] alul30S
3-7-06

Approved _____   Denied _____   Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant   ☐ Chief Deputy   ☐ Sheriff

Date _____   Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

---

## County Detention Center
## INMATE REQUEST SLIP

Name ARthuR TigNER

Date 03-08-06

LOCATION E3

☐ Telephone Call   ☐ Doctor   ☐ Dentist   ☑ Time Sheet
☐ Special Visit   ☑ Personal Problem   ☑ Other

Briefly Outline Your Request. Give To Jailer

Will You PLease SenD Me A Time Sheet And You
I PLease TALk to SoMeONe Upon ProbatiaN
And PeRole officeR, See I TAlk to one Jones
About my CAse But He is No-LoNgeR HeRR IN
Lee CouNtY So will You all PLease Let me tAlk to SomeONe
on this STAFF, THANK You FoR YouR Time And HelP
IntaVieue By MR ARthuR TigNeR And my GOD Keep
You All SAFe.

Do Not Write Below This Line - For Reply Only

We Pass out Time Sheets As Soon As DOC
SenDs them To us

[circle drawn]

Approved _____   Denied _____   Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lieutenant   ☐ Chief Deputy   ☐ Sheriff

Date _____   Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

TO: LT WELCH

Lee County Detention Cen

# INMATE REQUEST SLIP

Name _ARTHUR Tigner #3_    Date _3-28-06_

LOCATION _E-3_

☐ Telephone Call    ☐ Doctor    ☐ Dentist    ☐ Time Sheet

☐ Special Visit    ☒ Personal Problem    ☒ Other _want_

Briefly Outline Your Request. <u>Give To Jailer</u>

Dear Sir I NEED your AiD ANd ASSiSTANt
With A Matter That only you CAN HELP ME with So
will you HELP By CALLing me to tALK to you ThANks
For your TimE AND HElP INAdVANCE Sy ARthUR Tigner

Do Not Write Below This Line - For Reply Only

Talked to inmate Tigner on
4-4-06

Lt. Welch
4-4-06

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _____    Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

## Lee County Detention Cent
# INMATE REQUEST SLIP

Name Arthur Tigner                    Date

LOCATION E-4

☐ Telephone Call   ☐ Doctor   ☐ Dentist   ☐ Time Sheet
☐ Special Visit    ☐ Personal Problem      ☐ Other

Briefly Outline Your Request. Give To Jailer

Need to go to the Law Room

Do Not Write Below This Line - For Reply Only

Took to Law Library.  7/18/06

8:00 pm           ofc Tucker 4300

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant        ☐ Chief Deputy      ☐ Sheriff
Date _____   Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

---

## Lee County Detention Cen
# INMATE REQUEST SLIP

Name Arthur James Tigner        Date 7-25-06

LOCATION E-4

☐ Telephone Call   ☐ Doctor   ☐ Dentist   ☐ Time Sheet
☐ Special Visit    ☐ Personal Problem      ☒ Other  my Account credit

Briefly Outline Your Request.  Give To Jailer

Sgt Tabb
        Will you please send me a copy
of my Account, please "Sir

                              Sy Arthur Tigner
                                      E-3

I need a certificate amount of money on my deposit on my
Institution Account Credit" And it need to be Notarized

So Can you please Mail me with this matter to Arthur Tigner

Do Not Write Below This Line - For Reply Only

Gave Inmate Tigner a copy of
his account statement

                              [signature]
                              8-3-06

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request is Directed.

☐ Lieutenant        ☐ Chief Deputy      ☐ Sheriff
Date _____   Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038  (6/99)

# INMATE REQUEST SLIP

### ___ County Detention Center

Name Arthur Fisher                    Date 7-6-06

LOCATION E-4

☐ Telephone Call          ☐ Doctor          ☐ Dentist          ☐ Time Sheet

☐ Special Visit          ☐ Personal Problem          ☒ Other Law Week

Briefly Outline Your Request. Give To Jailer
(Court Library)

I need to do about a week of law work so can I Please Be put on the list for about 4 night thank you time and help" Sy. Arthur Fisher

**Do Not Write Below This Line - For Reply Only**

Jailer to Law LS

7/8/06  19:00

Approved _____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Whose The Request is Directed.

☐ Lieutenant          ☐ Chief Deputy          ☐ Sheriff

Date _____          Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

# Exhibit I
# Inmate File of Arthur James Tigner
# Lee County Sheriff's Department
# Regulations Receipt

# LEE COUNTY SHERIFF'S DEPARTMENT
## REGULATIONS RECEIPT
(Form #7)

Date: 6·22·06                                    Time: _____

I, Arthur James Tignor, have received copy

number _____ of the Rules and Regulations governing inmates in the Lee County Jail which

I am/am not (mark one out) able to read. I understand that while in this institution I will abide

by these Rules and Regulations.

I will return the copy of the Rules and Regulations upon my release from jail. I also

understand that I will be responsible for the loss or any damage of the Inmate Rules and

Regulations Handbook and will be charged $2 for its replacement. I also understand that if I

fail to pay for the replacement of the lost or damaged handbook I will have additional criminal

charges filed against me for destruction of county property.


Years of School _____              X _____
                                      Inmate's Signature

Arthur Tignor _____ has today received copy number _____ of the Lee

County Sheriff's Department Rules and Regulations for Inmates.

☒   Said inmate stated to me that he was able to read the Rules and Regulations.

☐   Said inmate stated that he was not able to read the Rules and Regulations and I explained
    the orientation rules to him.

                              Brown  43D51
                              Jailer's Signature

                              Date: 6/22/06  Time: _____

**Exhibit J**
**Inmate File of Arthur James Tigner**
**Inmate Grievance**

Lee County Detention Cent-

**iNMATE** ▮▮▮▮▮▮▮▮

THIS is A INMATE GRIEVANCE FORM

LOCATION D3

Name ARTHUR TignER          Date 4-1-06

☐ Telephone Call      ☐ Doctor       ☐ Dentist      ☐ Time Sheet

☐ Special Visit        ☑ Personal Problem    ☑ Other wouID LiK
                                                    TO WORK

Briefly Outline Your Request. **Give To Jailer**

DEAR Sir
           I HAVE 90 DAy's AND Will Like to WORK
on the HALL OR something So WIll You Please
TAKE time to TALK to ME, your time And
Help will Be GREATly AppreCiation
                              Sy MR ARthUR Tignre

---

Do Not Write Below This Line - For Reply Only

Moved To D3 —
        4/4/06

Approved ____✓____ Denied _____ Collect Call _____

All Request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To
Those The Request is Directed.

☐ Lleutenant        ☐ Chief Deputy        ☐ Sheriff

Date _____ Time Received _____

CORRECTION OFFICER _____

FORM: LCS-038 (6/99)

# Exhibit K
# Inmate File of Arthur James Tigner

```
                            ALABAMA DEPARTMENT OF CORRECTIONS              INST:    241
CBR716-3                    INMATE SUMMARY AS OF 08/04/2006                CODE: CRSUM

***************************************************************************

AIS: 00152184    INMATE: TIGNOR, ARTHUR JAMES              RACE: B   SEX: M

INST: 241 - LEE                           DORM:  00   JAIL CR: 000Y 04M 08D

DOB: _____ SSN: _____            PREVIOUS AIS: P0068639

ALIAS: "TOOT",                   ALIAS: "TUTU",

ALIAS: TIGNER, ARTHUR JAMES       ALIAS: TIGNOR, ARTHUR

ALIAS: TIGNOR, TUTU

ADM DT: 12/20/1988 DEAD TIME: 000Y 03M 06D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC    STAT: RECAPTURED

CURRENT CUST: RCP-V   CURRENT CUST DT: 06/22/2006  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (1) ONE                      RETRO CIT: 02/13/1995

SERVING UNDER ACT446 LAW IN              CURRENT CLASS DATE:   02/13/1995
INMATE IS EARNING :
```

| COUNTY | SENT DT  CASE NO  CRIME | JL-CR | TERM |
|---|---|---|---|
| LEE | 06/07/89 N88000783 FORGERY II | * 0000D 003Y 00M 00D CS |
| | ATTORNEY FEES : $000324    HABITUAL OFFENDER : N | |
| | COURT COSTS  : $0000190   FINES : $0000000    RESTITUTION : $0001053 | |
| LEE | 06/07/89 N88000785 FORGERY II | * 0000D 003Y 00M 00D CC |
| | COURT COSTS  : $0000198   FINES : $0000000    RESTITUTION : $0001053 | |
| LEE | 06/07/89 N88000785 FORGERY II | * 0000D 003Y 00M 00D CC |
| | COURT COSTS  : $0000190   FINES : $0000000    RESTITUTION : $0001053 | |
| LEE | 10/05/89 N89000771 CRIM POSS FORGED INSTR II | * 0129D 015Y 00M 00D CC |
| | ATTORNEY FEES : $000000    HABITUAL OFFENDER : Y | |
| | COURT COSTS  : $0000236   FINES : $0000000    RESTITUTION : $0000474 | |
| LEE | 02/13/95 N95000115 ROBBERY I | 0128D 021Y 00M 00D CC |
| | ATTORNEY FEES : $000000    HABITUAL OFFENDER : Y | |
| | COURT COSTS  : $0000219   FINES : $0000000    RESTITUTION : $0000125 | |

```
 TOTAL TERM      MIN REL DT     GOOD TIME BAL    GOOD TIME REV    LONG DATE
 021Y 00M 00D    01/10/2016     000Y 00M 00D     000Y 00M 00D     01/10/2016

INMATE LITERAL:
***************************************************************************

DETAINER WARRANTS SUMMARY
   INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
***************************************************************************

ESCAPEE-PAROLE SUMMARY
```

CONTINUED ON NEXT PAGE

```
                      ALABAMA DEPARTMENT OF CORRECTIONS              INST:   241
CBR716-3                   INMATE SUMMARY AS OF 08/04/2006           CODE: CRSUM


************************  CONTINUATION  *****************************

AIS: 00152184    INMATE: TIGNOR, ARTHUR JAMES               RACE: B  SEX: M

********************************************************************************

ESCAPEE-PAROLE SUMMARY

PAROLED FRM  045:06/22/92 RVK:00/00/00 DELQ:11/23/92 RECAP:10/24/92 RTN:12/07/92

REINSTATED   017:01/12/93 RVK:05/03/93 DELQ:04/05/93 RECAP:03/10/93 RTN:04/16/93

PAROLED FRM  043:05/16/94 RVK:03/01/95 DELQ:11/14/94 RECAP:10/11/94 RTN:02/14/95

PAROLED FRM  050:03/14/05 RVK:00/00/00 DELQ:11/21/05 RECAP:02/27/06 RTN:02/27/06

REINSTATED   241:04/10/06 RVK:00/00/00 DELQ:00/00/00 RECAP:06/22/06 RTN:06/22/06

    INMATE HAS NO ESCAPES FROM ADOC SINCE DBSCIS RECORDING B
********************************************************************************

DISCIPLINARY/CITATION SUMMARY

    >> CITATION: 01/04/2005                         CUST FROM COM9 TO COM9
       CITATION TYPE: BEHAVIOR CITATION      AT INST: 021   RULE NUMBER: 85
       RETAINED DAYS: 0000   SEQ #: 16  RULE LIT: VIOLATION OF INSTIT. RULES OR REG

    >> DISCIPLINE: 07/26/2004  TIME LOST: 00Y00M00D  CUST FROM COM9 TO COM9
       DISCIPLINE TYPE: MAJOR                AT INST: 021   RULE NUMBER: 64
       RETAINED DAYS: 0000   SEQ #: 15  RULE LIT: POSSESSION OF CONTRABAND

    >> DISCIPLINE: 11/12/2002  TIME LOST: 00Y00M00D  CUST FROM COM9 TO COM9
       DISCIPLINE TYPE: MAJOR                AT INST: 013   RULE NUMBER: 64
       RETAINED DAYS: 0000   SEQ #: 14  RULE LIT: POSSESSION OF CONTRABAND

    >> CITATION: 09/07/2001                         CUST FROM COM9 TO COM9
       CITATION TYPE: BEHAVIOR CITATION      AT INST: 034   RULE NUMBER: 85
       RETAINED DAYS: 0000   SEQ #: 13  RULE LIT: VIOLATION OF INSTIT. RULES OR REG

    >> CITATION: 08/16/2001                         CUST FROM COM9 TO COM9
       CITATION TYPE: BEHAVIOR CITATION      AT INST: 034   RULE NUMBER: 85
       RETAINED DAYS: 0000   SEQ #: 12  RULE LIT: VIOLATION OF INSTIT. RULES OR REG

    >> DISCIPLINE: 10/19/1999  TIME LOST: 00Y00M00D  CUST FROM MED9 TO MED9
       DISCIPLINE TYPE: MAJOR                AT INST: 004   RULE NUMBER: 57
       RETAINED DAYS: 0000   SEQ #: 11  RULE LIT: INSUBORDINATION

    >> CITATION: 08/05/1999                         CUST FROM MED9 TO MED9
       CITATION TYPE: BEHAVIOR CITATION      AT INST: 041   RULE NUMBER: 64
       RETAINED DAYS: 0000   SEQ #: 10  RULE LIT: POSSESSION OF CONTRABAND

    >> DISCIPLINE: 08/05/1999  TIME LOST: 00Y00M00D  CUST FROM MED9 TO MED9
       DISCIPLINE TYPE: MAJOR                AT INST: 041   RULE NUMBER: 37
       RETAINED DAYS: 0000   SEQ #: 09  RULE LIT: SEXUAL OFFENSE (NONFORCIBLE)/SOLI
```

CONTINUED ON NEXT PAGE

ALABAMA DEPARTMENT OF CORRECTIONS                    INST:    241
CBR716-3                 INMATE SUMMARY AS OF 08/04/2006           CODE: CRSUM

******************************  CONTINUATION  ******************************

AIS: 00152184    INMATE: TIGNOR, ARTHUR JAMES              RACE: B   SEX: M

***************************************************************************

DISCIPLINARY/CITATION SUMMARY

>> DISCIPLINE: 03/31/1999  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR               AT INST: 041    RULE NUMBER: 41
   RETAINED DAYS: 0000   SEQ #: 08   RULE LIT: MAKING FALSE STATEMENT OR CHARGES

   >> CITATION: 02/11/1999                    CUST FROM MED9 TO MED9
    CITATION TYPE: BEHAVIOR CITATION     AT INST: 041    RULE NUMBER: 56
   RETAINED DAYS: 0000   SEQ #: 07   RULE LIT: FAIL TO OBEY A DIRECT ORDER OF DO

>> DISCIPLINE: 12/03/1998  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR               AT INST: 041    RULE NUMBER: 35
   RETAINED DAYS: 0000   SEQ #: 06   RULE LIT: FIGHTING WITHOUT A WEAPON

>> DISCIPLINE: 10/05/1998  TIME LOST: 00Y00M00D   CUST FROM COM2 TO COM2
   DISCIPLINE TYPE: MAJOR               AT INST: 013    RULE NUMBER: 90
   RETAINED DAYS: 0000   SEQ #: 05   RULE LIT: UNDER INFLUENCE OF ALCOHOL OR NAR

>> DISCIPLINE: 08/28/1997  TIME LOST: 00Y00M00D   CUST FROM MIN9 TO MIN9
   DISCIPLINE TYPE: MAJOR               AT INST: 067    RULE NUMBER: 50
   RETAINED DAYS: 0000   SEQ #: 04   RULE LIT: BEING IN AN UNAUTHORIZED AREA

>> DISCIPLINE: 11/12/1993  TIME LOST: 00Y00M00D   CUST FROM MIN3 TO MIN3
   DISCIPLINE TYPE: MINOR               AT INST: 043    RULE NUMBER: 74
   RETAINED DAYS: 0000   SEQ #: 03   RULE LIT: GAMBLING

>> DISCIPLINE: 02/23/1992  TIME LOST: 00Y00M00D   CUST FROM MIN9 TO MIN9
   DISCIPLINE TYPE: MAJOR               AT INST: 045    RULE NUMBER: 68
   RETAINED DAYS: 0000   SEQ #: 02   RULE LIT: THEFT/DAMAGE/DESTRUCT. OF OTHER*S

>> DISCIPLINE: 07/18/1990  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR               AT INST: 070    RULE NUMBER: 35
   RETAINED DAYS: 0000   SEQ #: 01   RULE LIT: FIGHTING WITHOUT A WEAPON

```
                        ALABAMA DEPARTMENT OF CORRECTIONS              INST:    241
CBR716-3                INMATE SUMMARY AS OF 08/04/2006                CODE: CRSUM
```

*************************************************************************************

AIS: 00152184    INMATE: TIGNOR, ARTHUR JAMES              RACE: B   SEX: M

INST: 241 - LEE                          DORM:   00   JAIL CR: 000Y 04M 08D

DOB: ▓▓▓▓▓▓▓▓  SSN: ▓▓▓▓▓▓▓▓▓                    PREVIOUS AIS: P0068639

ALIAS: "TOOT",                          ALIAS: "TUTU",

ALIAS: TIGNER, ARTHUR JAMES              ALIAS: TIGNOR, ARTHUR

ALIAS: TIGNOR, TUTU

ADM DT: 12/20/1988 DEAD TIME: 000Y 03M 06D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC    STAT: RECAPTURED

CURRENT CUST: RCP-V   CURRENT CUST DT: 06/22/2006  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (1) ONE                          RETRO CIT: 02/13/1995

SERVING UNDER ACT446 LAW IN                 CURRENT CLASS DATE:    02/13/1995
INMATE IS EARNING :

```
COUNTY      SENT DT  CASE NO  CRIME                          JL-CR     TERM
LEE         06/07/89 N88000783 FORGERY II                  * 0000D 003Y 00M 00D CS
            ATTORNEY FEES : $000324    HABITUAL OFFENDER : N
            COURT COSTS  : $0000190   FINES : $0000000  RESTITUTION : $0001053
LEE         06/07/89 N88000785 FORGERY II                  * 0000D 003Y 00M 00D CC
            COURT COSTS  : $0000198   FINES : $0000000  RESTITUTION : $0001053
LEE         06/07/89 N88000786 FORGERY II                  * 0000D 003Y 00M 00D CC
            COURT COSTS  : $0000190   FINES : $0000000  RESTITUTION : $0001053
LEE         10/05/89 N89000771 CRIM POSS FORGED INSTR II   * 0129D 015Y 00M 00D CC
            ATTORNEY FEES : $000000    HABITUAL OFFENDER : Y
            COURT COSTS  : $0000236   FINES : $0000000  RESTITUTION : $0000474
LEE         02/13/95 N95000116 ROBBERY I                     0128D 021Y 00M 00D CC
            ATTORNEY FEES : $000000    HABITUAL OFFENDER : Y
            COURT COSTS  : $0000219   FINES : $0000000  RESTITUTION : $0000125
```

```
 TOTAL TERM     MIN REL DT    GOOD TIME BAL    GOOD TIME REV    LONG DATE
 021Y 00M 00D   01/10/2016    000Y 00M 00D     000Y 00M 00D     01/10/2016
```

INMATE LITERAL:
*************************************************************************************

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
*************************************************************************************

ESCAPEE-PAROLE SUMMARY

CONTINUED ON NEXT PAGE

ALABAMA DEPARTMENT OF CORRECTIONS                    INST:    241
CBR716-3                    INMATE SUMMARY AS OF 08/04/2006            CODE: CRSUM

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*    CONTINUATION    \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AIS: 00152184     INMATE: TIGNOR, ARTHUR JAMES                  RACE: B   SEX: M

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ESCAPEE-PAROLE SUMMARY

PAROLED FRM   045:06/22/92 RVK:00/00/00 DELQ:11/23/92 RECAP:10/24/92 RTN:12/07/92

REINSTATED    017:01/12/93 RVK:05/03/93 DELQ:04/05/93 RECAP:03/10/93 RTN:04/16/93

PAROLED FRM   043:05/16/94 RVK:03/01/95 DELQ:11/14/94 RECAP:10/11/94 RTN:02/14/95

PAROLED FRM   050:03/14/05 RVK:00/00/00 DELQ:11/21/05 RECAP:02/27/06 RTN:02/27/06

REINSTATED    241:04/10/06 RVK:00/00/00 DELQ:00/00/00 RECAP:06/22/06 RTN:06/22/06

    INMATE HAS NO ESCAPES FROM ADOC SINCE DBSCIS RECORDING B
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DISCIPLINARY/CITATION SUMMARY
---------------------------------------------------------------------------------
  >> CITATION: 01/04/2005                          CUST FROM COM9 TO COM9
     CITATION TYPE: BEHAVIOR CITATION      AT INST: 021    RULE NUMBER: 85
     RETAINED DAYS: 0000    SEQ #: 16    RULE LIT: VIOLATION OF INSTIT. RULES OR REG

 >> DISCIPLINE: 07/26/2004  TIME LOST: 00Y00M00D   CUST FROM COM9 TO COM9
    DISCIPLINE TYPE: MAJOR                  AT INST: 021    RULE NUMBER: 64
    RETAINED DAYS: 0000    SEQ #: 15    RULE LIT: POSSESSION OF CONTRABAND

 >> DISCIPLINE: 11/12/2002  TIME LOST: 00Y00M00D   CUST FROM COM9 TO COM9
    DISCIPLINE TYPE: MAJOR                  AT INST: 013    RULE NUMBER: 64
    RETAINED DAYS: 0000    SEQ #: 14    RULE LIT: POSSESSION OF CONTRABAND

   >> CITATION: 09/07/2001                          CUST FROM COM9 TO COM9
      CITATION TYPE: BEHAVIOR CITATION      AT INST: 034    RULE NUMBER: 85
     RETAINED DAYS: 0000    SEQ #: 13    RULE LIT: VIOLATION OF INSTIT. RULES OR REG

   >> CITATION: 08/16/2001                          CUST FROM COM9 TO COM9
      CITATION TYPE: BEHAVIOR CITATION      AT INST: 034    RULE NUMBER: 85
     RETAINED DAYS: 0000    SEQ #: 12    RULE LIT: VIOLATION OF INSTIT. RULES OR REG

 >> DISCIPLINE: 10/19/1999  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
    DISCIPLINE TYPE: MAJOR                  AT INST: 004    RULE NUMBER: 57
    RETAINED DAYS: 0000    SEQ #: 11    RULE LIT: INSUBORDINATION

   >> CITATION: 08/05/1999                          CUST FROM MED9 TO MED9
      CITATION TYPE: BEHAVIOR CITATION      AT INST: 041    RULE NUMBER: 64
     RETAINED DAYS: 0000    SEQ #: 10    RULE LIT: POSSESSION OF CONTRABAND

 >> DISCIPLINE: 08/05/1999  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
    DISCIPLINE TYPE: MAJOR                  AT INST: 041    RULE NUMBER: 37
    RETAINED DAYS: 0000    SEQ #: 09    RULE LIT: SEXUAL OFFENSE (NONFORCIBLE)/SOLI

CONTINUED ON NEXT PAGE

CBR716-3

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 08/04/2006                              CODE: CRSUM

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*    CONTINUATION    \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AIS: 00152184    INMATE: TIGNOR, ARTHUR JAMES              RACE: B   SEX: M

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DISCIPLINARY/CITATION SUMMARY

>> DISCIPLINE: 03/31/1999  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR                 AT INST: 041    RULE NUMBER: 41
   RETAINED DAYS: 0000   SEQ #: 08   RULE LIT: MAKING FALSE STATEMENT OR CHARGES

   >> CITATION: 02/11/1999                          CUST FROM MED9 TO MED9
      CITATION TYPE: BEHAVIOR CITATION    AT INST: 041    RULE NUMBER: 56
   RETAINED DAYS: 0000   SEQ #: 07   RULE LIT: FAIL TO OBEY A DIRECT ORDER OF DO

>> DISCIPLINE: 12/03/1998  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR                 AT INST: 041    RULE NUMBER: 35
   RETAINED DAYS: 0000   SEQ #: 06   RULE LIT: FIGHTING WITHOUT A WEAPON

>> DISCIPLINE: 10/05/1998  TIME LOST: 00Y00M00D   CUST FROM COM2 TO COM2
   DISCIPLINE TYPE: MAJOR                 AT INST: 013    RULE NUMBER: 90
   RETAINED DAYS: 0000   SEQ #: 05   RULE LIT: UNDER INFLUENCE OF ALCOHOL OR NAR

>> DISCIPLINE: 08/28/1997  TIME LOST: 00Y00M00D   CUST FROM MIN9 TO MIN9
   DISCIPLINE TYPE: MAJOR                 AT INST: 067    RULE NUMBER: 50
   RETAINED DAYS: 0000   SEQ #: 04   RULE LIT: BEING IN AN UNAUTHORIZED AREA

>> DISCIPLINE: 11/12/1993  TIME LOST: 00Y00M00D   CUST FROM MIN3 TO MIN3
   DISCIPLINE TYPE: MINOR                 AT INST: 043    RULE NUMBER: 74
   RETAINED DAYS: 0000   SEQ #: 03   RULE LIT: GAMBLING

>> DISCIPLINE: 02/23/1992  TIME LOST: 00Y00M00D   CUST FROM MIN9 TO MIN9
   DISCIPLINE TYPE: MAJOR                 AT INST: 045    RULE NUMBER: 68
   RETAINED DAYS: 0000   SEQ #: 02   RULE LIT: THEFT/DAMAGE/DESTRUCT. OF OTHER'S

>> DISCIPLINE: 07/18/1990  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR                 AT INST: 070    RULE NUMBER: 35
   RETAINED DAYS: 0000   SEQ #: 01   RULE LIT: FIGHTING WITHOUT A WEAPON

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 07/20/2006

INST: 241
CODE: CRSUM

CBR716-3

**************************************************************************

AIS: 00152184     INMATE: TIGNOR, ARTHUR JAMES          RACE: B   SEX: M

INST: 241 - LEE                          DORM:  PH   JAIL CR: 000Y 04M 08D

DOB:                SSN:                  PREVIOUS AIS: P0068639

ALIAS: "TOOT",                           ALIAS: "TUTU",

ALIAS: TIGNER, ARTHUR JAMES              ALIAS: TIGNOR, ARTHUR

ALIAS: TIGNOR, TUTU

ADM DT: 12/20/1988 DEAD TIME: 000Y 03M 06D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC      STAT: RECAPTURED

CURRENT CUST: RCP-V   CURRENT CUST DT: 06/22/2006  PAROLE REVIEW DATE: - NONE

                                               RETRO CIT: 02/13/199

SECURITY LEVEL: (1) ONE

                              CURRENT CLASS DATE:  02/13/1995

SERVING UNDER ACT446 LAW IN
INMATE IS EARNING :
                                              JL-CR     TERM
                                           * 00000 003Y 00M 00D
COUNTY        SENT DT  CASE NO  CRIME
LEE          06/07/89 N88000783 FORGERY II    HABITUAL OFFENDER : N
             ATTORNEY FEES : $000324      FINES : $0000000      RESTITUTION : $0001
             COURT COSTS   : $0000190                         * 00000 003Y 00M 00D
LEE          06/07/89 N88000785 FORGERY II    FINES : $0000000   RESTITUTION : $0001
             COURT COSTS   : $0000198                         * 00000 003Y 00M 00D
LEE          06/07/89 N88000786 FORGERY II    FINES : $0000000   RESTITUTION : $0001
             COURT COSTS   : $0000190                         * 01290 015Y 00M 00D
LEE          10/05/89 N89000771 CRIM POSS FORGED INSTR II   HABITUAL OFFENDER : Y
             ATTORNEY FEES : $000000      FINES : $0000000      RESTITUTION : $0000
             COURT COSTS   : $0000236                           01280 021Y 00M 00D
LEE          02/13/95 N95000116 ROBBERY I     HABITUAL OFFENDER : Y
             ATTORNEY FEES : $000000      FINES : $0000000      RESTITUTION : $000
             COURT COSTS   : $0000219

   TOTAL TERM      MIN REL DT     GOOD TIME BAL     GOOD TIME REV   LONG DAT
   021Y 00M 00D    01/10/2016     000Y 00M 00D      000Y 00M 00D    01/10/20

INMATE LITERAL:
*******************************************************************************

DETAINER WARRANTS SUMMARY
     INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
*******************************************************************************

ESCAPEE-PAROLE SUMMARY

CONTINUED ON NEXT PAGE

```
************************   CONTINUATION   ************************

152184    INMATE: TIGNOR, ARTHUR JAMES              RACE: B  SEX: M

*****************************************************************
```

:-PAROLE SUMMARY

) FRM    045:06/22/92 RVK:00/00/00 DELQ:11/23/92 RECAP:10/24/92 RTN:12/07/92

ATED     017:01/12/93 RVK:05/03/93 DELQ:04/05/93 RECAP:03/10/93 RTN:04/16/93

D FRM    043:05/16/94 RVK:03/01/95 DELQ:11/14/94 RECAP:10/11/94 RTN:02/14/95

D FRM    050:03/14/05 RVK:00/00/00 DELQ:11/21/05 RECAP:02/27/06 RTN:02/27/06

ATED     241:04/10/06 RVK:00/00/00 DELQ:00/00/00 RECAP:06/22/06 RTN:06/22/06

NMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
*****************************************************************

PLINARY/CITATION SUMMARY

CITATION: 01/04/2005                    CUST FROM COM9 TO COM9
CITATION TYPE: BEHAVIOR CITATION     AT INST: 021    RULE NUMBER: 85
TAINED DAYS: 0000    SEQ #: 16    RULE LIT: VIOLATION OF INSTIT. RULES OR REG

ISCIPLINE: 07/26/2004  TIME LOST: 00Y00M00D  CUST FROM COM9 TO COM9
SCIPLINE TYPE: MAJOR                 AT INST: 021    RULE NUMBER: 64
ETAINED DAYS: 0000    SEQ #: 15    RULE LIT: POSSESSION OF CONTRABAND

DISCIPLINE: 11/12/2002  TIME LOST: 00Y00M00D  CUST FROM COM9 TO COM9
ISCIPLINE TYPE: MAJOR                AT INST: 013    RULE NUMBER: 64
ETAINED DAYS: 0000    SEQ #: 14    RULE LIT: POSSESSION OF CONTRABAND

> CITATION: 09/07/2001                   CUST FROM COM9 TO COM9
CITATION TYPE: BEHAVIOR CITATION     AT INST: 034    RULE NUMBER: 85
RETAINED DAYS: 0000   SEQ #: 13    RULE LIT: VIOLATION OF INSTIT. RULES OR REG

>> CITATION: 08/16/2001                  CUST FROM COM9 TO COM9
CITATION TYPE: BEHAVIOR CITATION     AT INST: 034    RULE NUMBER: 85
RETAINED DAYS: 0000    SEQ #: 12    RULE LIT: VIOLATION OF INSTIT. RULES OR REG

DISCIPLINE: 10/19/1999  TIME LOST: 00Y00M00D  CUST FROM MED9 TO MED9
DISCIPLINE TYPE: MAJOR               AT INST: 004    RULE NUMBER: 57
RETAINED DAYS: 0000    SEQ #: 11    RULE LIT: INSUBORDINATION

>> CITATION: 08/05/1999                  CUST FROM MED9 TO MED9
CITATION TYPE: BEHAVIOR CITATION     AT INST: 041    RULE NUMBER: 64
RETAINED DAYS: 0000    SEQ #: 10    RULE LIT: POSSESSION OF CONTRABAND

>> DISCIPLINE: 08/05/1999  TIME LOST: 00Y00M00D  CUST FROM MED9 TO MED9
DISCIPLINE TYPE: MAJOR               AT INST: 041    RULE NUMBER: 37
RETAINED DAYS: 0000    SEQ #: 09    RULE LIT: SEXUAL OFFENSE (NONFORCIBLE)/SOLI
```

CONTINUED ON NEXT PAGE

ALABAMA DEPARTMENT OF CORRECTIONS        CODE: CRSUM
                            INMATE SUMMARY AS OF 07/20/2006

***************************   CONTINUATION   *******************************

AIS: 00152184    INMATE: TIGNOR, ARTHUR JAMES              RACE: B   SEX: M

******************************************************************************

DISCIPLINARY/CITATION SUMMARY

 >> DISCIPLINE: 03/31/1999  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
    DISCIPLINE TYPE: MAJOR                  AT INST: 041    RULE NUMBER: 41
    RETAINED DAYS: 0000   SEQ #: 08   RULE LIT: MAKING FALSE STATEMENT OR CHARGES

    >> CITATION: 02/11/1999                       CUST FROM MED9 TO MED9
       CITATION TYPE: BEHAVIOR CITATION      AT INST: 041    RULE NUMBER: 56
    RETAINED DAYS: 0000   SEQ #: 07   RULE LIT: FAIL TO OBEY A DIRECT ORDER OF DO

 >> DISCIPLINE: 12/03/1998  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
    DISCIPLINE TYPE: MAJOR                  AT INST: 041    RULE NUMBER: 35
    RETAINED DAYS: 0000   SEQ #: 06   RULE LIT: FIGHTING WITHOUT A WEAPON

 >> DISCIPLINE: 10/05/1998  TIME LOST: 00Y00M00D   CUST FROM COM2 TO COM2
    DISCIPLINE TYPE: MAJOR                  AT INST: 013    RULE NUMBER: 90
    RETAINED DAYS: 0000   SEQ #: 05   RULE LIT: UNDER INFLUENCE OF ALCOHOL OR NAR

 >> DISCIPLINE: 08/28/1997  TIME LOST: 00Y00M00D   CUST FROM MIN9 TO MIN9
    DISCIPLINE TYPE: MAJOR                  AT INST: 067    RULE NUMBER: 50
    RETAINED DAYS: 0000   SEQ #: 04   RULE LIT: BEING IN AN UNAUTHORIZED AREA

 >> DISCIPLINE: 11/12/1993  TIME LOST: 00Y00M00D   CUST FROM MIN3 TO MIN3
    DISCIPLINE TYPE: MINOR                  AT INST: 043    RULE NUMBER: 74
    RETAINED DAYS: 0000   SEQ #: 03   RULE LIT: GAMBLING

 >> DISCIPLINE: 02/23/1992  TIME LOST: 00Y00M00D   CUST FROM MIN9 TO MIN9
    DISCIPLINE TYPE: MAJOR                  AT INST: 045    RULE NUMBER: 68
    RETAINED DAYS: 0000   SEQ #: 02   RULE LIT: THEFT/DAMAGE/DESTRUCT. OF OTHER'S

 >> DISCIPLINE: 07/18/1990  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
    DISCIPLINE TYPE: MAJOR                  AT INST: 070    RULE NUMBER: 35
    RETAINED DAYS: 0000   SEQ #: 01   RULE LIT: FIGHTING WITHOUT A WEAPON

ALABAMA DEPARTMENT OF CORRECTIONS                    INST: 241
CBR716-3                    INMATE SUMMARY AS OF 07/21/2006           CODE: CRSUM

☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼

AIS: 00152184    INMATE: TIGNOR, ARTHUR JAMES          RACE: B  SEX: M

INST: 241 - LEE                          DORM:  PH  JAIL CR: 000Y 04M 08D

DOB: ███████    SSN: ███████              PREVIOUS AIS: P0068639

ALIAS: "TOOT",                    ALIAS: "TUTU",

ALIAS: TIGNER, ARTHUR JAMES        ALIAS: TIGNOR, ARTHUR

ALIAS: TIGNOR, TUTU

ADM DT: 12/20/1988 DEAD TIME: 000Y 03M 06D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC    STAT: RECAPTURED

CURRENT CUST: RCP-V   CURRENT CUST DT: 06/22/2006  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: (1) ONE                    RETRO CIT: 02/13/1995

SERVING UNDER ACT446 LAW IN          CURRENT CLASS DATE:   02/13/1995
INMATE IS EARNING :

| COUNTY | SENT DT | CASE NO | CRIME | | JL-CR | TERM |
|--------|---------|---------|-------|---|-------|------|
| LEE | 06/07/89 | N88000783 | FORGERY II | | ☼ 0000D 003Y 00M 00D CS | |
| | ATTORNEY FEES : $000324 | | HABITUAL OFFENDER : N | | | |
| | COURT COSTS : $0000190 | | FINES : $0000000 | RESTITUTION : $0001053 | | |
| LEE | 06/07/89 | N88000785 | FORGERY II | | ☼ 0000D 003Y 00M 00D CC | |
| | COURT COSTS : $0000198 | | FINES : $0000000 | RESTITUTION : $0001053 | | |
| LEE | 06/07/89 | N88000786 | FORGERY II | | ☼ 0000D 003Y 00M 00D CC | |
| | COURT COSTS : $0000190 | | FINES : $0000000 | RESTITUTION : $0001053 | | |
| LEE | 10/05/89 | N89000771 | CRIM POSS FORGED INSTR II | | ☼ 0129D 015Y 00M 00D CC | |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | | |
| | COURT COSTS : $0000236 | | FINES : $0000000 | RESTITUTION : $0000474 | | |
| LEE | 02/13/95 | N95000116 | ROBBERY I | | 0128D 021Y 00M 00D CC | |
| | ATTORNEY FEES : $000000 | | HABITUAL OFFENDER : Y | | | |
| | COURT COSTS : $0000219 | | FINES : $0000000 | RESTITUTION : $0000125 | | |

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|-----------|-----------|---------------|---------------|-----------|
| 021Y 00M 00D | 01/10/2016 | 000Y 00M 00D | 000Y 00M 00D | 01/10/2016 |

INMATE LITERAL:
☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼☼

ESCAPEE-PAROLE SUMMARY

CONTINUED ON NEXT PAGE

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 07/21/2006                    CODE: CRSUM
INST:        241

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*     CONTINUATION     \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AIS: 00152184     INMATE: TIGNOR, ARTHUR JAMES               RACE: B   SEX: M

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ESCAPEE/PAROLE SUMMARY

PAROLED FRM   045:06/22/92 RVK:00/00/00 DELQ:11/23/92 RECAP:10/24/92 RTN:12/07/92

REINSTATED    017:01/12/93 RVK:05/03/93 DELQ:04/05/93 RECAP:03/10/93 RTN:04/16/93

PAROLED FRM   043:05/16/94 RVK:03/01/95 DELQ:11/14/94 RECAP:10/11/94 RTN:02/14/95

PAROLED FRM   050:03/14/05 RVK:00/00/00 DELQ:11/21/05 RECAP:02/27/06 RTN:02/27/06

REINSTATED    241:04/10/06 RVK:00/00/00 DELIQ:00/00/00 RECAP:06/22/06 RTN:06/22/06

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DISCIPLINARY/CITATION SUMMARY

    >> CITATION: 01/04/2005                          CUST FROM COM9 TO COM9
    CITATION TYPE: BEHAVIOR CITATION     AT INST: 021    RULE NUMBER: 85
    RETAINED DAYS: 0000   SEQ #: 16   RULE LIT: VIOLATION OF INSTIT. RULES OR REG

    >> DISCIPLINE: 07/26/2004   TIME LOST: 00Y00M00D   CUST FROM COM9 TO COM9
    DISCIPLINE TYPE: MAJOR                  AT INST: 021    RULE NUMBER: 64
    RETAINED DAYS: 0000   SEQ #: 15   RULE LIT: POSSESSION OF CONTRABAND

    >> DISCIPLINE: 11/12/2002   TIME LOST: 00Y00M00D   CUST FROM COM9 TO COM9
    DISCIPLINE TYPE: MAJOR                  AT INST: 013    RULE NUMBER: 64
    RETAINED DAYS: 0000   SEQ #: 14   RULE LIT: POSSESSION OF CONTRABAND

    >> CITATION: 09/07/2001                          CUST FROM COM9 TO COM9
    CITATION TYPE: BEHAVIOR CITATION     AT INST: 034    RULE NUMBER: 85
    RETAINED DAYS: 0000   SEQ #: 13   RULE LIT: VIOLATION OF INSTIT. RULES OR REG

    >> CITATION: 08/16/2001                          CUST FROM COM9 TO COM9
    CITATION TYPE: BEHAVIOR CITATION     AT INST: 034    RULE NUMBER: 85
    RETAINED DAYS: 0000   SEQ #: 12   RULE LIT: VIOLATION OF INSTIT. RULES OR REG

    >> DISCIPLINE: 10/19/1999   TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
    DISCIPLINE TYPE: MAJOR                  AT INST: 004    RULE NUMBER: 57
    RETAINED DAYS: 0000   SEQ #: 11   RULE LIT: INSUBORDINATION

    >> CITATION: 08/05/1999                          CUST FROM MED9 TO MED9
    CITATION TYPE: BEHAVIOR CITATION     AT INST: 041    RULE NUMBER: 64
    RETAINED DAYS: 0000   SEQ #: 10   RULE LIT: POSSESSION OF CONTRABAND

    >> DISCIPLINE: 08/05/1999   TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
    DISCIPLINE TYPE: MAJOR                  AT INST: 041    RULE NUMBER: 37
    RETAINED DAYS: 0000   SEQ #: 09   RULE LIT: SEXUAL OFFENSE (NONFORCIBLE)/SOLI

CONTINUED ON NEXT PAGE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***  CONTINUATION  **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

AIS: 00152184     INMATE: TIGNOR, ARTHUR JAMES              RACE: B   SEX: M

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

DISCIPLINARY/CITATION SUMMARY

>> DISCIPLINE: 03/31/1999  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR                AT INST: 041    RULE NUMBER: 41
   RETAINED DAYS: 0000   SEQ #: 08   RULE LIT: MAKING FALSE STATEMENT OR CHARGES

   >> CITATION: 02/11/1999                        CUST FROM MED9 TO MED9
      CITATION TYPE: BEHAVIOR CITATION     AT INST: 041    RULE NUMBER: 56
   RETAINED DAYS: 0000    SEQ #: 07   RULE LIT: FAIL TO OBEY A DIRECT ORDER OF DO

>> DISCIPLINE: 12/03/1998  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR                AT INST: 041    RULE NUMBER: 35
   RETAINED DAYS: 0000   SEQ #: 06   RULE LIT: FIGHTING WITHOUT A WEAPON

>> DISCIPLINE: 10/05/1998  TIME LOST: 00Y00M00D   CUST FROM COM2 TO COM2
   DISCIPLINE TYPE: MAJOR                AT INST: 013    RULE NUMBER: 90
   RETAINED DAYS: 0000   SEQ #: 05   RULE LIT: UNDER INFLUENCE OF ALCOHOL OR NAR

>> DISCIPLINE: 08/28/1997  TIME LOST: 00Y00M00D   CUST FROM MIN9 TO MIN9
   DISCIPLINE TYPE: MAJOR                AT INST: 067    RULE NUMBER: 50
   RETAINED DAYS: 0000   SEQ #: 04   RULE LIT: BEING IN AN UNAUTHORIZED AREA

>> DISCIPLINE: 11/12/1993  TIME LOST: 00Y00M00D   CUST FROM MIN3 TO MIN3
   DISCIPLINE TYPE: MINOR                AT INST: 043    RULE NUMBER: 74
   RETAINED DAYS: 0000   SEQ #: 03   RULE LIT: GAMBLING

>> DISCIPLINE: 02/23/1992  TIME LOST: 00Y00M00D   CUST FROM MIN9 TO MIN9
   DISCIPLINE TYPE: MAJOR                AT INST: 045    RULE NUMBER: 68
   RETAINED DAYS: 0000   SEQ #: 02   RULE LIT: THEFT/DAMAGE/DESTRUCT. OF OTHER'S

>> DISCIPLINE: 07/18/1990  TIME LOST: 00Y00M00D   CUST FROM MED9 TO MED9
   DISCIPLINE TYPE: MAJOR                AT INST: 070    RULE NUMBER: 35
   RETAINED DAYS: 0000   SEQ #: 01   RULE LIT: FIGHTING WITHOUT A WEAPON



### State of Alabama
## Alabama Department of Corrections
Central Records Division
P. O. Box 301501
Montgomery, AL 36130



**Bob Riley**
GOVERNOR

**RICHARD F. ALLEN**
COMMISSIONER

July 18, 2006

*HOLD*

LEE CO JAIL
OPELIKA, AL

> **RE: TIGNOR, ARTHUR JAMES**
> **AIS#: 152184 R/S: B/M**
> **DOB:** ▓▓▓▓▓

Dear Sir or Madam:

Enclosed is our Fugitive Warrant on the above named subject, who is wanted by this department for PAROLE VIOLATION.

Please use our warrant as a detainer. For further coordination contact us at 334-353-9713/334-353-9715.

Thank you for your help and cooperation in this matter.

Very truly yours,

Richard F. Allen
COMMISSIONER

/mk

Telephone (334) 353-9739                    Fax (334) 353-9735

S T A T E   O F   A L A B A M A                    CBR429

D E P A R T M E N T   O F   C O R R E C T I O N S

CENTRAL RECORDS DIVISION
301 SOUTH RIPLEY STREET
P.O. BOX 301501
MONTGOMERY, AL 36104
(334) 353-9739

JUL 11, 2006

TO:   MACK-WILLIAMS, KATHY          RE: TIGNOR, ARTHUR JAMES
      2311 GATEWAY DR                    DOB:           R/S: BM AIS #: 00152164
      OPELIKA        AL   36801

DEAR SIR/MADAM:

ENCLOSED IS OUR FUGITIVE WARRANT, FINGERPRINTS AND PHOTOGRAPH OF THE ABOVE NAMED
PAROLE VIOLATOR.  THE STATE BOARD OF PARDONS AND PAROLES HAS CAUSE TO BELIEVE
THAT THE ABOVE NAMED PAROLED PRISONER HAS LAPSED, OR IS ABOUT TO LAPSE, INTO
CRIMINAL WAYS OR COMPANY, OR HAS VIOLATED CONDITIONS OF HIS PAROLE IN AN IMPOR-
TANT RESPECT ON JUL 11, 2006, AND IS NOW WANTED BY THIS DEPARTMENT.  PLEASE USE
OUR WARRANT AS A DETAINER.  WE WILL EXTRADITE.

IF OUR FUGITIVE WARRANT IS NOT EXECUTED WITHIN SIXTY (60) DAYS, PLEASE RETURN
SAME TO THIS OFFICE.

FOR COORDINATION OR INQUIRIES REGARDING THIS CASE, PLEASE CONTACT:  ASST. DIR.,
INMATE RECORDS ADMINISTRATION, AT THE ABOVE ADDRESS OR TELEPHONE NUMBER.

THANKING YOU FOR YOUR COOPERATION IN THIS MATTER OF MUTUAL INTEREST, I AM

VERY TRULY YOURS,

*Richard F Allen*

RICHARD ALLEN, COMMISSIONER
ALABAMA DEPARTMENT OF CORRECTIONS

ENCLOSURES

S T A T E   O F   A L A B A M A

D E P A R T M E N T   O F   C O R R E C T I O N S

F U G I T I V E   W A R R A N T

TO:  ANY PEACE OFFICER.

1.  WHEREAS TIGNOR, ARTHUR JAMES        , SERIAL NUMBER 00152104 , WAS CONVICTED
OF THE OFFENSES SPECIFIED ON PAGE 2 OF THIS WARRANT        THAT THE SAID CONVICT
WAS SENTENCED TO IMPRISONMENT IN THE ALABAMA STATE PENITENTIARY FOR A TERM OF
 21 YEARS,  0 MONTHS, AND  0 DAYS; THAT THE SAID CONVICT WAS THEREUPON CONFINED
IN SAID PENITENTIARY IN ACCORDANCE WITH SAID SENTENCE:  THAT THE SAID CONVICT
THEREAFTER AND TO WIT:  ON THE 10TH DAY OF APR, 2006, SAID CONVICT'S PAROLE WAS
REINSTATED BY THE STATE BOARD OF PARDONS AND PAROLES, PENDING GOOD BEHAVIOR:
THEN ON THE 11TH DAY OF JUL, 2006, THE STATE PARDONS AND PAROLE BOARD, HAVING
REASONABLE CAUSE TO BELIEVE THAT SAID PRISONER HAS LAPSED, OR IS ABOUT TO LAPSE,
INTO CRIMINAL WAYS OR COMPANY OR HAS VIOLATED CONDITIONS OF HIS PAROLE IN AN
IMPORTANT RESPECT, ORDERED SAID PAROLEE ARRESTED AND RETURNED TO THE CONFINE OF
THE PENITENTIARY TO APPEAR BEFORE THE STATE BOARD OF PARDONS AND PAROLES WHO
WILL DETERMINE THE PAROLE STATUS OF SAID PAROLEE.

2.  WHEREFORE, THE UNDERSIGNED OF THE DEPARTMENT OF CORRECTIONS BY VIRTUE OF THE
AUTHORITY CONFERRED UPON HIM BY THE STATE OF ALABAMA, DOES HEREBY AUTHORIZE AND
DIRECT YOU TO RETAKE THE SAID PAROLE VIOLATOR WHEREVER  HE MAY BE FOUND, FOR HIS
RETURN TO THE SAID STATE DEPARTMENT OF CORRECTIONS, SITUATED IN MONTGOMERY IN
THE STATE OF ALABAMA.

IN TESTIMONY THEREOF, I HAVE HEREUNTO SET MY HAND AND THE SEAL OF THE DEPARTMENT
OF CORRECTIONS THIS 11TH DAY OF JUL, 2006.

                                    _Richard F Allen_

                                    RICHARD ALLEN, COMMISSIONER
                                    ALABAMA DEPARTMENT OF CORRECTIONS

   PLEASE COMPLETE THE SECTION BELOW AND DELIVER TO AGENT(S) RECEIVING PRISONER.

=================================================================================

STATE OF          COUNTY OF          THIS WRIT CAME TO HAND                  ,
AND NOTIFYING THE STATE DEPARTMENT OF CORRECTIONS BY WIRE THAT THE PRISONER WAS
AVAILABLE FOR TRANSFER TO THE STATE OF ALABAMA, DEPARTMENT OF CORRECTIONS, AND
THAT EXTRADITION HAS  /WAS NOT     NECESSARY.

THE ABOVE LISTED CONVICT NAMED IN THIS WRIT WAS DELIVERED TO
                                    , AGENT(S) OF THE STATE DEPARTMENT OF
CORRECTIONS ON 7-20-  , 2006 FOR REMOVAL TO THE STATE OF ALABAMA.

   ARRESTING OFFICER  _Brenda Ingram_  IDENTIFICATION OFFICER

RECEIVED OF                          , AGENT(S) THE CONVICT, AIS # 00152104 ,
NAMED IN THIS WRIT.  THIS THE    DAY OF        , 20  .

```
*  *  *  *  *  *  *  *  *  *  *  *    P A G E  2    *  *  *  *  *  *  *  *  *  *  *  *
```

DATE: JUL 11, 2006 NAME: TIGNOR, ARTHUR JAMES              SERIAL NUMBER: 00192184
    ********      OFFENSES FOR WHICH THIS FUGITIVE HAS CONVICTED        ********
================================================================================

| <><><>  OFFENSE  <><><> | SENTENCE DATE | SENTENCE TERM | SENTENCING COUNTY | CS/CC |
|---|---|---|---|---|
| FORGERY II | 06/07/1989 | 3/00/00 | LEE | CS |
| FORGERY II | 06/07/1989 | 3/00/00 | LEE | CC |
| FORGERY II | 06/07/1989 | 3/00/00 | LEE | CC |
| CRIM POSS FORGED INS | 10/05/1989 | 15/00/00 | LEE | CC |
| ROBBERY I | 02/13/1995 | 21/00/00 | LEE | CC |

```
*  *  *  *  *  *  *  *  *  *    E N D    P A G E  2    *  *  *  *  *  *  *  *  *  *
```

# PROPERTY ENVELOPE

FOR CASHIER USE ONLY

INMATE'S NAME _Tigner Arthur_

ICN NO. _____

CC NO. _____

DATE _6·13-06_

CORRECTION OFFICER _Brown_

SHIELD NO. _____

| | INSTITUTION | DATE REC. |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Money $ _____  ————— Food Stamps $ ————————

| Quantity | Property | Quantity | Property | Quantity | Property |
|---|---|---|---|---|---|
| _____ | Wallet | _____ | Watch | _____ | Comb |
| _____ | Purse | _____ | Rings | _____ | Personal Papers |
| _____ | Lighter | _____ | Pr.Earrings | _____ | Eyeglasses |
| _____ | Keys | _____ | Bracelet/Wrist Chain | _____ | Belt |
| _____ | Pr.Shoelaces | _____ | Necklace/Neck Chain | _____ | |

Other _Shoe Strings_

X

I ACKNOWLEDGE THE SURRENDER OF THE PROPERTY LISTED.

_[signature]_ SIGNATURE OF INMATE     _6·13-06_ DATE

PROPERTY RECEIVED FROM INMATE BY:
NAME OF EMPLOYEE AND ID# _43051_
                          (PRINT)              (ID #)

SIGNATURE OF EMPLOYEE _B_     _6·13·06_ DATE

I, _____ ACKNOWLEDGE THE RETURN OF MY PROPERTY
   SIGNATURE OF INMATE/ DESIGNEE

ON _____

PROPERTY RETURNED TO INMATE/DESIGNEE BY:
NAME OF EMPLOYEE AND ID# _____
                          (PRINT)              (ID #)

SIGNATURE OF EMPLOYEE _____     DATE

| State of Alabama<br>Unified Judicial System<br><br>Form CR-10    Rev. 8/98 | **CONSOLIDATED APPEARANCE BOND**<br>(District Court, Grand Jury, Circuit Court) | Case Number<br>Copy |
|---|---|---|

IN THE _____ COURT OF __Tee__ , **ALABAMA**
    (Circuit or *District*)                (Name of County)

**STATE OF ALABAMA  v.**  Tignor  Arthur James
                                Defendant

I, Arthur James Tignor _____ (Defendant), as principal,
and I (we), __Under Signed__ , as surety(ies), agree
           (Please print)

to pay the State of Alabama the sum of $ 1,000 and such costs as authorized by law unless the above-named defendant appears before the district court of the county on 11 Jul 06 (date) at 9 A .M. (time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time to time thereafter until discharged by law or at the next session of circuit court of the county; there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of_____ Dom Vio III - Harassment _____ , or any other charge as authorized by law.

We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.

It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue in full force and effect, until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above charge, and from time to time thereafter until such the defendant is discharged by law, or, until such time as the undersigned sureties are otherwise duly exonerated as provided by law.

Signed and sealed this date with notice that false statements are punishable as perjury.

| Signature of Defendant _____ (L.S.) | | | |
|---|---|---|---|
| Address (print)<br>X  12 A Town Comm | City<br>Opelika | State<br>AL | Zip<br>36801 |
| Signature of Surety/Agent of Professional Surety or Bail Company _____ (L.S.)<br>Maurice O Ward | | Signature of Surety/Agent of Professional Surety or Bail Company _____ (L.S.) | |
| Social Security Number | Telephone Number<br>741-5322 | Social Security Number | Telephone Number |
| Address (print)<br>PO Box 1107 Valley Al 36854 | | Signature of Surety/Agent of Professional Surety or Bail Company _____ (L.S.) | |
| Signature of Surety/Agent of Professional Surety or Bail Company _____ (L.S.) | | Social Security Number | Telephone Number |
| Social Security Number | Telephone Number | Address (print)    City    State    Zip | |
| Address (print)    City    State    Zip | | | |

(3)ay (3)ones
Approved by Judge/Magistrate/Sheriff

Brown 43051

6-13-06 _____ By: Deputy Sheriff
Date

| Defendant's Information | | | | |
|---|---|---|---|---|
| Date of Birth ~~████~~ | Sex | Height<br>5'10 | Weight<br>255 | Employer<br>Self |
| Social Security Number ~~████~~ | Race<br>B | Hair<br>Blk | Eyes<br>Bro | Employer's Address |
| Driver's License Number ~~████~~ State<br>(AL) | Telephone Number ~~████~~ | | Employer's Telephone Number | |

**COURT RECORD:** Original      **DEFENDANT:** Copy      **SURETY:** Copy

FORM C-80

**STATE OF ALABAMA**
**DEPARTMENT OF CORRECTIONS**
**RECEIPT OF RELEASED CONVICT**

20060410-002

INSTITUTION: Lee Co. Jail

NAME: Tignor, Arthur

COUNTY COMMITTED FROM: Lee

HOW RELEASED: Parole Reinstatement

REMARKS:

DATE RELEASED: Apr 10, 2006

SERIAL NUMBER: 00152184

DATE COMMITTED: Feb 13, 1995

RECEIVED FROM WARDEN: _____ DOLLARS: _____

IN FULL PAYMENT OF AMOUNTS AS SET OUT BELOW:

DISCHARGE MONEY:    00 YR 00 MO    $ 00.00

BUS FARE TO: _____    $_____

1 DAY TRAVEL-----------------------------    $_____

1 OUTFIT CLOTHING-----------------------    $_____

TOTAL-----------------------------    $_____

SIGNED    X _____

WITNESS    X _____

WITNESS
DETAINER/WARRANT
RECEIPT SIGNATURE    _____

*************************************************
*NOTE: ALL SIGNATURES MUST BE MADE IN INK.*
*************************************************

353
97.35




# *SHERIFF OF LEE COUNTY*

## *JAY JONES*

### *P.O. BOX 2407*
### *OPELIKA, AL 36803-2407*
### *PHONE (334)737-3582*
### *FAX (334)737-3574*
### *E-MAIL: LCSO@MINDSPRING.COM*

---

### *FACSILILE COVER SHEET*

DATE: ___4-10-06___

ATTN: ___Hurt___

FROM: ___Black___

MESSAGE: ___Arthur Lignor___

_____

_____

_____

_____

_____

_____

_____


NUMBER OF PAGES INCLUDING COVER SHEET ___2___

FORM C-80

# STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS
### RECEIPT OF RELEASED CONVICT

20060410-002

INSTITUTION: Lee Co. Jail

NAME: Tignor, Arthur

COUNTY COMMITTED FROM: Lee

HOW RELEASED: Parole Reinstatement

REMARKS:

DATE RELEASED: Apr 10, 2006

SERIAL NUMBER: 00152184

DATE COMMITTED: Feb 13, 1995

RECEIVED FROM WARDEN: _____   DOLLARS: _____

IN FULL PAYMENT OF AMOUNTS AS SET OUT BELOW:

DISCHARGE MONEY:   00 YR 00 MO   $ 00.00

BUS FARE TO: _____   $_____

1 DAY TRAVEL------------------------------   $_____

1 OUTFIT CLOTHING-----------------------   $_____

TOTAL------------------------------   $_____

SIGNED _____

WITNESS _____

WITNESS

DETAINER/WARRANT

RECEIPT SIGNATURE _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*NOTE: ALL SIGNATURES MUST BE MADE IN INK.\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*




# State of Alabama
# Department of Corrections

301 S Ripley St.
P. O. Box 301501
Montgomery, AL 36104

BOB RILEY
GOVERNOR

RICHARD ALLEN
COMMISSIONER

## FAX COVER SHEET

DATE: _April 10, 2006_

No. of PAGES __3__
Including Cover Sheet

TO: __Diana__
__Lee Co. Jail__

FAX NO: (334) 737-3574

TELEPHONE NO: _____

FROM: __LaQuan Hart__
__Central Records office__

FAX NO: (334) 353-9735

TELEPHONE NO: 353-9773

RE: __Tignor, Arthur__

If more information is needed or a problem with this fax, please call (334) 353-9739.



# State of Alabama
# Department of Corrections

301 S Ripley St
P. O. Box 301501
Montgomery, AL 36104



BOB RILEY
GOVERNOR

RICHARD ALLEN
COMMISSIONER

Date:     April 10, 2006

SUBJECT: PAROLE REINSTATEMENT

County:   LEE

RE:     Tignor, Arthur       AIS# 00152184       DOB: ▓▓▓▓

The parole board is reinstating the above inmate on parole. Please fill out the C-80 Release form attached.
Fax a copy back to us and mail the actual signed form to us at:

P.O. Box 301501
Montgomery, Al 36130

We have no further holds and he may be released today. Please inform the inmate upon his release he is to
report to the Opelika Parole Office.

Thank you for your attention to this matter.

*Kathy Holt*

Director Central Records Office

KH/lh
CC: ICRF

***Please call LaQwan Hurt, (334)353-9773, upon the inmate's release so this information can be
entered into the Department of Correction's mainframe.

Telephone (334) 353-9739                         Fax (334) 353-9735

06-001792



**State of Alabama**
**Alabama Department of Corrections**

Central Records Office
P. O. Box 301501
Montgomery, AL 36130



BOB RILEY
GOVERNOR



RICHARD F. ALLEN
COMMISSIONER

February 27, 2006

Opelika Police Department
Opelika, AL

RE: TIGNOR, ARTHUR JAMES
AIS#: 152184 R/S: BM
DOB:

Dear Sir or Madam:

Enclosed is our Fugitive Warrant on the above named subject, who is wanted by this department for Parole Violation.

Please use our warrant as a detainer. For further coordination contact us at 334-353-9713/334-353-97153.

Thank you for your help and cooperation in this matter.

Very truly yours,

Richard Allen /kcf

Richard F. Allen
COMMISSIONER

Telephone (334) 353-9500          Fax (334) 353-9735

STATE OF ALABAMA                           CBR429

DEPARTMENT OF CORRECTIONS

CENTRAL RECORDS DIVISION
301 SOUTH RIPLEY STREET
P.O. BOX 301501
MONTGOMERY, AL 36104
(334) 353-9739

NOV 18, 2005

*Teddie Williams*

TO:  ~~HOLMES, THOMAS~~              RE: TIGNOR, ARTHUR JAMES
     ~~351 SO. LAWRENCE ST.~~            DOB: ~~████████~~ R/S: BM AIS #: 00152184
     MONTGOMERY     AL  36104

DEAR SIR/MADAM:

ENCLOSED IS OUR FUGITIVE WARRANT, FINGERPRINTS AND PHOTOGRAPH OF THE ABOVE NAMED
PAROLE VIOLATOR.  THE STATE BOARD OF PARDONS AND PAROLES HAS CAUSE TO BELIEVE
THAT THE ABOVE NAMED PAROLED PRISONER HAS LAPSED, OR IS ABOUT TO LAPSE, INTO
CRIMINAL WAYS OR COMPANY, OR HAS VIOLATED CONDITIONS OF HIS PAROLE IN AN IMPOR-
TANT RESPECT ON NOV 18, 2005, AND IS NOW WANTED BY THIS DEPARTMENT.  PLEASE USE
OUR WARRANT AS A DETAINER.  WE WILL EXTRADITE.

IF OUR FUGITIVE WARRANT IS NOT EXECUTED WITHIN SIXTY (60) DAYS, PLEASE RETURN
SAME TO THIS OFFICE.

FOR COORDINATION OR INQUIRIES REGARDING THIS CASE, PLEASE CONTACT:  ASST. DIR.,
INMATE RECORDS ADMINISTRATION, AT THE ABOVE ADDRESS OR TELEPHONE NUMBER.

THANKING YOU FOR YOUR COOPERATION IN THIS MATTER OF MUTUAL INTEREST, I AM

VERY TRULY YOURS,

*Donal Campbell*

DONAL CAMPBELL, COMMISSIONER
ALABAMA DEPARTMENT OF CORRECTIONS

ENCLOSURES

# RECEIVED

NOV 2 9 2005

State Board of
Pardons and Paroles

# S T A T E   O F   A L A B A M A

# D E P A R T M E N T   O F   C O R R E C T I O N S

# F U G I T I V E   W A R R A N T

TO:  ANY PEACE OFFICER.

1.  WHEREAS TIGNOR, ARTHUR JAMES         , SERIAL NUMBER 00152184 , WAS CONVICTED
OF THE OFFENSES SPECIFIED ON PAGE 2 OF THIS WARRANT      THAT THE SAID CONVICT
WAS SENTENCED TO IMPRISONMENT IN THE ALABAMA STATE PENITENTIARY FOR A TERM OF
 21 YEARS,  0 MONTHS, AND  0 DAYS: THAT THE SAID CONVICT WAS THEREUPON CONFINED
IN SAID PENITENTIARY IN ACCORDANCE WITH SAID SENTENCE:  THAT THE SAID CONVICT
THEREAFTER AND TO WIT:  ON THE 14TH DAY OF MAR, 2005, THE SAID CONVICT
WAS PAROLED BY THE STATE BOARD OF PARDONS AND PAROLES, PENDING GOOD BEHAVIOR:
THEN ON THE 18TH DAY OF NOV, 2005, THE STATE PARDONS AND PAROLE BOARD, HAVING
REASONABLE CAUSE TO BELIEVE THAT SAID PRISONER HAS LAPSED, OR IS ABOUT TO LAPSE,
INTO CRIMINAL WAYS OR COMPANY OR HAS VIOLATED CONDITIONS OF HIS PAROLE IN AN
IMPORTANT RESPECT, ORDERED SAID PAROLEE ARRESTED AND RETURNED TO THE CONFINE OF
THE PENITENTIARY TO APPEAR BEFORE THE STATE BOARD OF PARDONS AND PAROLES WHO
WILL DETERMINE THE PAROLE STATUS OF SAID PAROLEE.

2.  WHEREFORE, THE UNDERSIGNED OF THE DEPARTMENT OF CORRECTIONS BY VIRTUE OF THE
AUTHORITY CONFERRED UPON HIM BY THE STATE OF ALABAMA, DOES HEREBY AUTHORIZE AND
DIRECT YOU TO RETAKE THE SAID PAROLE VIOLATOR WHEREVER  HE MAY BE FOUND, FOR HIS
RETURN TO THE SAID STATE DEPARTMENT OF CORRECTIONS, SITUATED IN MONTGOMERY IN
THE STATE OF ALABAMA.

IN TESTIMONY THEREOF, I HAVE HEREUNTO SET MY HAND AND THE SEAL OF THE DEPARTMENT
OF CORRECTIONS THIS 18TH DAY OF NOV, 2005.

                                  DONAL CAMPBELL, COMMISSIONER
                                  ALABAMA DEPARTMENT OF CORRECTIONS

  PLEASE COMPLETE THE SECTION BELOW AND DELIVER TO AGENT(S) RECEIVING PRISONER.

===============================================================================

STATE OF            COUNTY OF            THIS WRIT CAME TO HAND            .
AND NOTIFYING THE STATE DEPARTMENT OF CORRECTIONS BY WIRE THAT THE PRISONER WAS
AVAILABLE FOR TRANSFER TO THE STATE OF ALABAMA, DEPARTMENT OF CORRECTIONS, AND
THAT EXTRADITION HAS    /WAS NOT        NECESSARY.

THE ABOVE LISTED CONVICT NAMED IN THIS WRIT WAS DELIVERED TO
                                  , AGENT(S) OF THE STATE DEPARTMENT OF
CORRECTIONS ON          , NO    FOR REMOVAL TO THE STATE OF ALABAMA.


      ARRESTING OFFICER                    IDENTIFICATION OFFICER

RECEIVED OF                        , AGENT(S) THE CONVICT, AIS # 00152184 ,
NAMED IN THIS WRIT.  THIS THE     DAY OF          , 20   .

\* \* \* \* \* \* \* \* \* \* \*    P A G E  2    \* \* \* \* \* \* \* \* \* \* \*

ATE: NOV 18, 2005 NAME: TIGNOR, ARTHUR JAMES            SERIAL NUMBER: 00152184
   \*\*\*\*\*\*\*\*    OFFENSES FOR WHICH THIS FUGITIVE WAS CONVICTED    \*\*\*\*\*\*\*\*

| <><><>    OFFENSE    <><><> | SENTENCE DATE | SENTENCE TERM | SENTENCING COUNTY | CS/CC |
|---|---|---|---|---|
| FORGERY II | 06/07/1989 | 3/00/00 | LEE | CS |
| FORGERY II | 06/07/1989 | 3/00/00 | LEE | CC |
| FORGERY II | 06/07/1989 | 3/00/00 | LEE | CC |
| CRIM POSS FORGED INS | 10/05/1989 | 15/00/00 | LEE | CC |
| ROBBERY I | 02/13/1995 | 21/00/00 | LEE | CC |

\* \* \* \* \* \* \* \* \* \*  E N D    P A G E  2    \* \* \* \* \* \* \* \* \* \*

# LEE COUNTY SHERIFF'S DEPARTMENT
# REGULATIONS RECEIPT
(Form #7)

Date: _01 March 2006_                    Time: _____

I, _Arthur Tignor_ _____, have received copy

number _96_ of the Rules and Regulations governing inmates in the Lee County Jail which

I am/am not (mark one out) able to read. I understand that while in this institution I will abide

by these Rules and Regulations.

I will return the copy of the Rules and Regulations upon my release from jail. I also

understand that I will be responsible for the loss or any damage of the Inmate Rules and

Regulations Handbook and will be charged $2 for its replacement. I also understand that if I

fail to pay for the replacement of the lost or damaged handbook I will have additional criminal

charges filed against me for destruction of county property.

Years of School _____                    _____
                                           **Inmate's Signature**

_____ has today received copy number _____ of the Lee

County Sheriff's Department Rules and Regulations for Inmates.

☐    Said inmate stated to me that he was able to read the Rules and Regulations.

☐    Said inmate stated that he was not able to read the Rules and Regulations and I explained
     the orientation rules to him.

                              _____
                              Jailer's Signature

                              Date: _01 Mar 06_ Time: _____

X _____

Tigner, Arthur James
3-14-05

X _____

## INDIVIDUAL'S PERSONAL EFFECTS

In Possession Of

## SHERIFF'S OFFICE, LEE COUNTY

NAME  Tigner, James Arthur James

SEARCHED BY

TIME _____  DATE 3-14-05

MONEY'S  2.10 IN SAFE
          .60 IN change

ARTICLES BY NAME  Sweet-oil, A/B oil, wash
clothe, paper, set of keys, Tooth brush
Tooth paste, Dog tag, 1 watch, stone necklace
Nbelt, ADoc ID card, 1 Ring

The above listing is all my personal effects turned in to Sheriff's Office
at the time of booking.

Signature _____

Please Call _____

## PROPERTY RECEIPT

I hereby acknowledge receipt of the articles named above.

On this date _____

Signature _____

Form: LCS-ENV-03 (4/95) DARCO



TIGNER, ARTHUR JAMES.

Signor

INMATE'S
NAME _Arthur James_

ICN NO.

CC NO.

DATE
CORRECTION
OFFICER

SHIELD NO.

Money $_____  Food Stamps $_____

| Quantity | Property | Quantity | Property | Quantity | Property |
|---|---|---|---|---|---|
| _____ | Wallet | _____ | Watch | _____ | Comb |
| _____ | Purse | _____ | Rings | _____ | Personal Papers |
| _____ | Lighter | _____ | Pr.Earrings | _____ | Eyeglasses |
| _____ | Keys | _____ | Bracelet/Wrist Chain | _____ | Belt |
| _____ | Pr.Shoelaces | _____ | Necklace/Neck Chain | _____ | |

Other _Watch   sunglasses   earring_

I ACKNOWLEDGE THE SURRENDER OF THE PROPERTY LISTED.

_____          _____
SIGNATURE OF INMATE                         DATE

PROPERTY RECEIVED FROM INMATE BY:
NAME OF EMPLOYEE AND ID# _____
                                          (PRINT)              (ID #)
SIGNATURE OF EMPLOYEE _____
                                                                  DATE

_____ ACKNOWLEDGE THE RETURN OF MY PROPERTY
SIGNATURE OF INMATE/DESIGNEE
ON _10/6/06_

PROPERTY RETURNED TO INMATE/DESIGNEE BY:
NAME OF EMPLOYEE AND ID# _____
                                          (PRINT)              (ID #)
SIGNATURE OF EMPLOYEE _____
                                                                  DATE

# WARNING
## ONCE SECURELY SEALED, ATTEMPTS TO OPEN THIS BAG

LEE COUNTY SHERIFF'S OFFICE
06/22/2006      13:29:53      MEDICAL SCREENING FORM                    PAGE 1
=================================================================================
Booking No: 060003069  Date: 06/22/2006  Time: 13:15  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: TIGNER ARTHUR JAMES                    Race: B        Sex: M
       DOB: ███████████  Age:  37  SSN: ███████████  Height: 5'10"  Weight: 255
---------------------------------------------------------------------------------

1.  Is inmate unconscious?

2.  Does inmate have any visible signs of trauma, illness, obvious pain
    and bleeding, requiring immediate emergency or doctor's care?

3.  Is there obvious fever, swollen lymph nodes, jaundice or other
    evidence of infection that might spread through the facility?

4.  Any signs of poor skin condition, vermin, rashes or needle marks?

5.  Does inmate appear to be under the influence of drugs or alcohol?

6.  Any visible signs of alcohol or drug withdrawal?

7.  Does inmate's behavior suggest the risk of suicide or assault?

8.  Is inmate carrying any medication?

9.  Does the inmate have any physical deformities?

10. Does inmate appear to have psychiatric problems?

11. Do you have or have you ever had or has anyone in your family
    ever had any of the following?

| a. Allergies | f. Fainting Spells | k. Seizures |
| b. Arthritis | g. Hearing Condition | l. Tuberculosis |
| c. Asthma | h. Hepatitis | m. Ulcers |
| d. Diabetes | i. High Blood Pressure | n. Venereal Disease |
| e. Epilepsy | j. Psychiatric Disorder | o. Other (Specify) |

Other: _____

_____

_____

12. For females only:

    a. Are you pregnant?

    b. Do you take birth control pills?

    c. Have you recently delivered?

LEE COUNTY SHERIFF'S OFFICE
06/22/2006    13:29:53    MEDICAL SCREENING FORM    PAGE 2
===================================================================
Booking No: 060003069  Date: 06/22/2006   Time: 13:15   Type: NORMAL
Agency to Bill: LEE COUNTY                 Facility: COUNTY JAIL

Inmate Name: TIGNER ARTHUR JAMES                Race: B        Sex: M
        DOB:              Age:  37   SSN:        Height: 5'10"  Weight: 255
-------------------------------------------------------------------

13. Have you recently been hospitalized or treated by a doctor?

14. Do you currently take any non-prescription medication or medication
    prescribed by a doctor?

15. Are you allergic to any medication?

16. Do you have any handicaps or conditions that limit activity?

17. Have you ever attempted suicide or are you thinking about it now?

18. Do you regularly use alcohol or street drugs?

19. Do you have any problems when you stop drinking or using drugs?

20. Do you have a special diet prescribed by a physician?

21. Do you have any problems or pain with your teeth?

22. Do you have any other medical problems we should know about?
        _Complains  of  Back  &  Problems_
    _____
    _____
    _____
    _____
    _____
    _____


I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: X_____    DATE:_____    TIME:_____

BOOK OFFICER:_____    DATE:_____    TIME:_____

```
                         LEE COUNTY SHERIFF'S OFFICE
06/13/2006    16:42:36    INMATE RELEASE SHEET                     PAGE    1
================================================================================
BOOKING NO: 060002914

INMATE NAME: TIGNER ARTHUR JAMES
       ALIAS: TIGNOR JAMES ARTHUR            RACE: B      SEX: M
       ALIAS: TIGNOR JAMES ARTHUR            HT: 5'10"  HAIR: BLK
     ADDRESS: 4616 LEE RD. 391 LOT #12       WT: 255    EYES: BRO
 CITY/ST/ZIP: OPELIKA, AL 36804          COMPLEX:
  HOME PHONE: ███████████                    SSN: ████████
         DOB: ████████  AGE:  37          DL ST: AL      DLN: ████████
  PLCE BIRTH: LEE COUNTY                     SID:
       STATE: AL                           LOCID: 4956
   M. STATUS: MARRIED
    RELIGION: CHRISTIAN
 GANG ASSOC: NONE
SCARS/TATTOOS: SCAR ON RT HAND
KNOWN ENEMIES: NONE CLAIMED
     REMARKS:
----------------------------- NEXT OF KIN -------------------------------------
 NEXT OF KIN: SHERRELL TIGNOR          RELATIONSHIP: WIFE
     ADDRESS: SAA                             PHONE: ███████████
 CITY/ST/ZIP: ,
     REMARKS:
---------------------------- EMPLOYER INFO ------------------------------------
    EMPLOYED: Y
EMPLOYER NAME: SELF
     ADDRESS: 4616 LEE RD. 391 LOT # 5
 CITY/ST/ZIP: OPELIKA, AL 36804
       PHONE: ███████████
------------------------------ MEDICAL ----------------------------------------
  HANDICAPPED: N  NEEDS: NONE
     GLASSES: N  SMOKE: N
MEDICAL NEEDS: N  NEEDS: NONE
   PHYSICIAN:                          PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
----------------------------- PROPERTY ----------------------------------------
        CASH:      $00.00
 DESCRIPTION:
ADD. PROPERTY: STREET CLOTHES,SHOE STRINGS-2
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER: 166-A
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _____   DATE: 6/13/06   TIME: _____

BOOK OFFICER: Brown_____   DATE: 6/13/06   TIME: 1642
```

```
                                    LEE COUNTY SHERIFF'S OFFICE
06/13/2006    16:42:36                INMATE RELEASE SHEET                       PAGE    2
================================================================================
BOOKING NO: 060002914       INMATE NAME: TIGNER ARTHUR JAMES
================================================================================
            COURT: DISTRICT              ATTORNEY ON REC:
            JUDGE:                              PHONE: 000-000-0000
          REMARKS:
          REMARKS:
--------------------------------------------------------------------------------
      BOOK DATE: 06/13/2006  BOOK TIME: 15:42  BOOK TYPE: NORMAL

    ARREST DATE: 06/13/2006          BOOKING OFFICER: BROWN N
    ARREST DEPT: LCSO                CELL ASSIGNMENT:
   ARRST OFFICER: BLACK                    MEAL CODE: 01    LEE COUNTY
  PROJ. RLSDATE: 00/00/0000                 FACILITY: 01    COUNTY JAIL
  SEARCH OFFCR: CPL HILL              CLASSIFICATION:
   TYPE SEARCH: PAT                    WORK RELEASE: N
 INTOX RESULTS: SOBER

           HOLDS: N
          AGENCY:                 REASON:
          AGENCY:                 REASON:
          AGENCY:                 REASON:
          AGENCY:                 REASON:

           NOTES:
           NOTES:
           NOTES:
================================================================================
   RELEASE DATE: 06/13/2006  RELEASE TIME: 16:41   # DAYS SERVED:     1

RELEASE OFFICER: BROWN N
   RELEASE TYPE: ANYTIME BONDING/MAURICE
        REMARKS: NCIC CLEARED BY RENAE
        REMARKS: COURT DATE 11 JUL 06 @ 9:00AM
        REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.
```

INMATE: _____  DATE: _____  TIME: _____

BOOK OFFICER: _____  DATE: _____  TIME: _1642_

```
                          LEE COUNTY SHERIFF'S OFFICE
06/13/2006    16:42:36        INMATE CHARGE SHEET                      PAGE    3
================================================================================
BOOKING NO: 060002914      INMATE NAME: TIGNER ARTHUR JAMES
================================================================================
  CHARGE NO:   1  DISPOSITION: RELEASED              HOLD: N

ALA STATUTE: WR 2006 000735.00        # OF COUNTS:   1
    OFFENSE: DOM VIO III-HARASSMENT      WARRANT #:
     CASE #: WR 2006 000735.00
   BOND AMT: $1,000                        FINE:       $0.00
   BAIL AMT: $1,000
INIT APPEAR: 00/00/0000
RELEASE DTE: 06/13/2006            SENTENCE DATE: 00/00/0000
ARREST DATE: 06/13/2006             ARST AGENCY: LCSO
ARST OFFICR: BLACK                      COUNTY: LEE
      COURT: DISTRICT                    JUDGE:
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS: COURT DATE 11 JUL 06 @ 9:00AM
   COMMENTS:
   COMMENTS: INMATE RELEASED BY L43D8
--------------------------------------------------------------------------------
```

```
                              LEE COUNTY SHERIFF'S OFFICE
06/13/2006    15:52:24          INMATE BOOKING SHEET                    PAGE    1
===============================================================================
BOOKING NO: 060002914

INMATE NAME: TIGNER ARTHUR JAMES
      ALIAS: TIGNOR JAMES ARTHUR            RACE: B        SEX: M
      ALIAS: TIGNOR JAMES ARTHUR            HT: 5'10"      HAIR: BLK
    ADDRESS: 4616 LEE RD. 391 LOT #12       WT: 255        EYES: BRO
CITY/ST/ZIP: OPELIKA, AL 36804         COMPLEX:
 HOME PHONE: ████████7                      SSN: ████████
        DOB: ████████  AGE: 37        DL ST: AL      DLN: ████████
 PLCE BIRTH: LEE COUNTY                     SID:
      STATE: AL                           LOCID: 4956
  M. STATUS: MARRIED
   RELIGION: CHRISTIAN
 GANG ASSOC: NONE
SCARS/TATTOOS: SCAR ON RT HAND
KNOWN ENEMIES: NONE CLAIMED
    REMARKS:
------------------------------- NEXT OF KIN ------------------------------------
 NEXT OF KIN: SHERRELL TIGNOR          RELATIONSHIP: WIFE
     ADDRESS: SAA                            PHONE: ████████
 CITY/ST/ZIP: ,
     REMARKS:
------------------------------ EMPLOYER INFO ----------------------------------
    EMPLOYED: Y
EMPLOYER NAME: SELF
     ADDRESS: 4616 LEE RD. 391 LOT # 5
 CITY/ST/ZIP: OPELIKA, AL 36804
       PHONE: ████████
------------------------------- MEDICAL ---------------------------------------
 HANDICAPPED: N  NEEDS: NONE
     GLASSES: N  SMOKE: N
MEDICAL NEEDS: N  NEEDS: NONE
   PHYSICIAN:                          PHONE: 000-000-0000
     REMARKS:

     REMARKS:
     REMARKS:
------------------------------- PROPERTY --------------------------------------
        CASH:      $00.00
 DESCRIPTION:
ADD. PROPERTY: STREET CLOTHES,SHOE STRINGS-2
ADD. PROPERTY:
ADD. PROPERTY:
  BIN NUMBER: 166-A
VEH IMPOUNDED:
 IMPOUND LOT:
     REMARKS:
     REMARKS:
===============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _____     DATE: 6/13/    TIME: _____

BOOK OFFICER: _____     DATE: ___/06   TIME: 1552
```

```
06/13/2006    15:52:24
                            LEE COUNTY SHERIFF'S OFFICE
                              INMATE BOOKING SHEET                        PAGE    2
===============================================================================
BOOKING NO: 060002914    INMATE NAME: TIGNER ARTHUR JAMES
===============================================================================
        COURT: DISTRICT               ATTORNEY ON REC:
        JUDGE:                              PHONE: 000-000-0000
      REMARKS:
      REMARKS:
-------------------------------------------------------------------------------
    BOOK DATE: 06/13/2006  BOOK TIME: 15:42  BOOK TYPE: NORMAL

  ARREST DATE: 06/13/2006          BOOKING OFFICER: BROWN N
  ARREST DEPT: LCSO                CELL ASSIGNMENT: HC3
ARRST OFFICER: BLACK                    MEAL CODE: 01    LEE COUNTY
PROJ. RLSDATE: 00/00/0000                FACILITY: 01    COUNTY JAIL
 SEARCH OFFCR: CPL HILL             CLASSIFICATION:
  TYPE SEARCH: PAT                   WORK RELEASE: N
INTOX RESULTS: SOBER

        HOLDS: N
       AGENCY:                  REASON:
       AGENCY:                  REASON:
       AGENCY:                  REASON:
       AGENCY:                  REASON:

        NOTES:
        NOTES:
        NOTES:
```

```
                         LEE COUNTY SHERIFF'S OFFICE
                            INMATE CHARGE SHEET                          PAGE    3
06/13/2006    15:52:24
===================================================================================
BOOKING NO: 060002914      INMATE NAME: TIGNER ARTHUR JAMES
===================================================================================
  CHARGE NO:   1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE: WR 2006 000735.00        # OF COUNTS:    1
   OFFENSE: DOM VIO III-HARASSMENT       WARRANT #:
     CASE #: WR 2006 000735.00
   BOND AMT: $1,000                            FINE:        $0.00
   BAIL AMT: $1,000
INIT APPEAR: 00/00/0000             SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 06/13/2006                ARST AGENCY: LCSO
ARST OFFICR: BLACK                         COUNTY: LEE
      COURT: DISTRICT                        JUDGE:
DEF ATTORNY:                        DIST ATTORNEY:
   COMMENTS: COURT DATE 11 JUL 06 @ 9:00AM
   COMMENTS:
   COMMENTS:
-----------------------------------------------------------------------------------
```

LEE COUNTY SHERIFF'S OFFICE
06/13/2006    15:52:24    MEDICAL SCREENING FORM    PAGE 1
=====================================================================
Booking No: 060002914  Date: 06/13/2006  Time: 15:42  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: TIGNER ARTHUR JAMES              Race: B       Sex: M
      DOB: ████████  Age:  37  SSN: ████████  Height: 5'10"  Weight: 255
--------------------------------------------------------------------

1. Is inmate unconscious?

2. Does inmate have any visible signs of trauma, illness, obvious pain and bleeding, requiring immediate emergency or doctor's care?

3. Is there obvious fever, swollen lymph nodes, jaundice or other evidence of infection that might spread through the facility?

4. Any signs of poor skin condition, vermin, rashes or needle marks?

5. Does inmate appear to be under the influence of drugs or alcohol?

6. Any visible signs of alcohol or drug withdrawal?

7. Does inmate's behavior suggest the risk of suicide or assault?

8. Is inmate carrying any medication?

9. Does the inmate have any physical deformities?

10. Does inmate appear to have psychiatric problems?

11. Do you have or have you ever had or has anyone in your family ever had any of the following?

a. Allergies        f. Fainting Spells       k. Seizures

b. Arthritis        g. Hearing Condition     l. Tuberculosis

c. Asthma           h. Hepatitis             m. Ulcers

d. Diabetes         i. High Blood Pressure   n. Venereal Disease

e. Epilepsy         j. Psychiatric Disorder  o. Other (Specify)

Other: _____
       _____
       _____

12. For females only:

_____ a. Are you pregnant?

_____ b. Do you take birth control pills?

_____ c. Have you recently delivered?

LEE COUNTY SHERIFF'S OFFICE
06/13/2006    15:52:24    MEDICAL SCREENING FORM    PAGE 2
==============================================================================
Booking No: 060002914  Date: 06/13/2006  Time: 15:42  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: TIGNER ARTHUR JAMES              Race: B      Sex: M
        DOB: ▓▓▓▓▓▓ Age: 37  SSN: ▓▓▓▓▓▓▓▓ Height: 5'10"  Weight: 255
------------------------------------------------------------------------------

_no_ 13.  Have you recently been hospitalized or treated by a doctor?

_no_ 14.  Do you currently take any non-prescription medication or medication
          prescribed by a doctor?

_no_ 15.  Are you allergic to any medication?

_no_ 16.  Do you have any handicaps or conditions that limit activity?

_no_ 17.  Have you ever attempted suicide or are you thinking about it now?

_no_ 18.  Do you regularly use alcohol or street drugs?

_no_ 19.  Do you have any problems when you stop drinking or using drugs?

_yes_ 20. Do you have a special diet prescribed by a physician?

_no_ 21.  Do you have any problems or pain with your teeth?

_yes_ 22. Do you have any other medical problems we should know about?

          20.) no pork
          22.) Back problems


I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.

INMATE: _____    DATE: 6/13/    TIME: _____

BOOK OFFICER: Brown                  DATE: ne        TIME: 1552

```
                           LEE COUNTY SHERIFF'S OFFICE
04/10/2006    16:11:22          INMATE RELEASE SHEET                    PAGE    1
================================================================================
BOOKING NO: 060001065

INMATE NAME: TIGNER ARTHUR JAMES
       ALIAS:                                    RACE: B      SEX: M
       ALIAS:                                    HT: 5'10"  HAIR: BLK
     ADDRESS: 3216 OLD WETUMPKA HWY              WT: 230    EYES: BRO
 CITY/ST/ZIP: MONTGOMERY, AL 36110            COMPLEX:
  HOME PHONE: ███████████2                        SSN: ████████
         DOB: ████████  AGE:  37               DL ST: AL      DLN: ████████
   PLCE BIRTH: LEE COUNTY                         SID:
       STATE: AL                                LOCID: 4956
   M. STATUS: MARRIED
    RELIGION: CHRISTIAN
  GANG ASSOC: NONE
 SCARS/TATTOOS: SCAR ON RT HAND
 KNOWN ENEMIES:
     REMARKS:
------------------------------- NEXT OF KIN ------------------------------------
  NEXT OF KIN: SHERRELL TIGNER              RELATIONSHIP: WIFE
      ADDRESS: SAME                                PHONE: 000-000-0000
  CITY/ST/ZIP: ,
      REMARKS:
----------------------------- EMPLOYER INFO ------------------------------------
     EMPLOYED: Y
 EMPLOYER NAME: STATE
      ADDRESS:
  CITY/ST/ZIP: ,
        PHONE: 000-000-0000
------------------------------- MEDICAL ----------------------------------------
  HANDICAPPED:     NEEDS:
      GLASSES:     SMOKE:
 MEDICAL NEEDS:    NEEDS:
    PHYSICIAN:                 PHONE: 000-000-0000
      REMARKS:

      REMARKS:
      REMARKS:
------------------------------- PROPERTY ---------------------------------------
         CASH:        $00.00
  DESCRIPTION:
 ADD. PROPERTY: WATCH EARRING SUNGLASSES
 ADD. PROPERTY: STREET CLOTHES
 ADD. PROPERTY:
   BIN NUMBER: 194
 VEH IMPOUNDED:
  IMPOUND LOT:
      REMARKS:
      REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X                        DATE:            TIME:

BOOK OFFICER:                    DATE: 4 11 0     TIME: 1618
```

```
                      LEE COUNTY SHERIFF'S OFFICE
04/10/2006    16:11:22        INMATE RELEASE SHEET              PAGE    2
==============================================================================
BOOKING NO: 060001065    INMATE NAME: TIGNER ARTHUR JAMES
==============================================================================
        COURT:                    ATTORNEY ON REC:
        JUDGE:                        PHONE: 000-000-0000
     REMARKS:
     REMARKS:
------------------------------------------------------------------------------
   BOOK DATE: 02/28/2006  BOOK TIME: 13:05  BOOK TYPE: NORMAL

  ARREST DATE: 02/28/2006          BOOKING OFFICER: INGRAM
  ARREST DEPT: LCSO                CELL ASSIGNMENT:
ARRST OFFICER: LCSO                    MEAL CODE: 01   LEE COUNTY
PROJ. RLSDATE: 00/00/0000               FACILITY: 01   COUNTY JAIL
SEARCH OFFCR: COBB                 CLASSIFICATION:
 TYPE SEARCH: PAT                  WORK RELEASE: N
INTOX RESULTS:

        HOLDS: N
       AGENCY:                REASON:
       AGENCY:                REASON:
       AGENCY:                REASON:
       AGENCY:                REASON:

        NOTES:
        NOTES:
        NOTES:
==============================================================================
 RELEASE DATE: 04/10/2006  RELEASE TIME: 16:11    # DAYS SERVED:    42

RELEASE OFFICER: BLACK
   RELEASE TYPE: DOC RLSE HOLD
        REMARKS: CLAR NCIC BLACK
        REMARKS:
        REMARKS:
==============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE:_____  DATE:_____  TIME:_____

BOOK OFFICER:_____  DATE:_____  TIME:_____
```

```
                         LEE COUNTY SHERIFF'S OFFICE
04/10/2006    16:11:22       INMATE CHARGE SHEET                    PAGE    3
===============================================================================
BOOKING NO: 060001065    INMATE NAME: TIGNER ARTHUR JAMES
===============================================================================
   CHARGE NO:  1  DISPOSITION: RELEASED           HOLD: N

ALA STATUTE:                            # OF COUNTS:    0
    OFFENSE: PAROLE VIOLATION            WARRANT #:
      CASE #:
   BOND AMT: NO BOND                       FINE:       $0.00
   BAIL AMT: '
 INIT APPEAR: 00/00/0000             SENTENCE DATE: 00/00/0000
 RELEASE DTE: 04/10/2006
 ARREST DATE: 02/28/2006              ARST AGENCY: LCSO
 ARST OFFICR:                             COUNTY: LEE
       COURT:                              JUDGE:
DEF ATTORNY:                        DIST ATTORNEY:
    COMMENTS: RLSE PER DOC
    COMMENTS:
    COMMENTS:
-------------------------------------------------------------------------------
```

```
                              LEE COUNTY SHERIFF'S OFFICE
02/28/2006      13:10:59        INMATE BOOKING SHEET                    PAGE    1
=================================================================================
```

BOOKING NO: 060001065

```
INMATE NAME: TIGNER ARTHUR JAMES                    RACE: B      SEX: M
      ALIAS: TIGNOR JAMES ARTHUR                    HT: 5'10"  HAIR: BLK
      ALIAS: TIGNOR ARTHUR JAMES                    WT: 230    EYES: BRO
    ADDRESS: 3216 OLD WETUMPKA HWY              COMPLEX:
CITY/ST/ZIP: MONTGOMERY, AL 36110                  SSN: ███████
 HOME PHONE: ███████████
        DOB: ████████ AGE: 37                   DL ST: AL      DLN: ███████
  PLCE BIRTH: LEE COUNTY                           SID:
      STATE: AL                                  LOCID: 4956
  M. STATUS: MARRIED
   RELIGION: CHRISTIAN
 GANG ASSOC: NONE
SCARS/TATTOOS: SCAR ON RT HAND
KNOWN ENEMIES:
    REMARKS:
------------------------------- NEXT OF KIN ------------------------------------
 NEXT OF KIN: SHERRELL TIGNER              RELATIONSHIP: WIFE
    ADDRESS: SAME                                PHONE: 000-000-0000
CITY/ST/ZIP: ,
    REMARKS:
------------------------------ EMPLOYER INFO -----------------------------------
   EMPLOYED: Y
EMPLOYER NAME: STATE
    ADDRESS:
CITY/ST/ZIP: ,
      PHONE: 000-000-0000
------------------------------- MEDICAL ----------------------------------------
 HANDICAPPED:      NEEDS: Bad Back
    GLASSES:       SMOKE:
MEDICAL NEEDS:     NEEDS:
   PHYSICIAN:                              PHONE: 000-000-0000
    REMARKS:

    REMARKS:
    REMARKS:
------------------------------- PROPERTY ---------------------------------------
       CASH:      $00.00
DESCRIPTION:
ADD. PROPERTY: WATCH EARRING SUNGLASSES
ADD. PROPERTY: STREET CLOTHES
ADD. PROPERTY:
 BIN NUMBER: 194
VEH IMPOUNDED:
 IMPOUND LOT:
    REMARKS:
    REMARKS:
=================================================================================
```

I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _Arthur Tigner_        DATE: 2-28-06   TIME: 2:15

BOOK OFFICER: _Ingram_         DATE: _____   TIME: _____

```
                            LEE COUNTY SHERIFF'S OFFICE
02/28/2006     13:10:59        INMATE BOOKING SHEET                    PAGE     2
================================================================================
BOOKING NO: 060001065      INMATE NAME: TIGNER ARTHUR JAMES
================================================================================
         COURT:                        ATTORNEY ON REC:
         JUDGE:                             PHONE: 000-000-0000
       REMARKS:
       REMARKS:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    BOOK DATE: 02/28/2006  BOOK TIME: 13:05  BOOK TYPE: NORMAL

  ARREST DATE: 02/28/2006             BOOKING OFFICER: INGRAM
  ARREST DEPT: LCSO                   CELL ASSIGNMENT:
 ARRST OFFICER: LCSO                        MEAL CODE: 01  LEE COUNTY
PROJ. RLSDATE: 00/00/0000                    FACILITY: 01  COUNTY JAIL
 SEARCH OFFCR: COBB                    CLASSIFICATION:
  TYPE SEARCH: PAT                     WORK RELEASE: N
INTOX RESULTS:

        HOLDS: N
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:
       AGENCY:                 REASON:

        NOTES:
        NOTES:
        NOTES:
```

```
                           LEE COUNTY SHERIFF'S OFFICE
02/28/2006    13:10:59         INMATE CHARGE SHEET                PAGE     3
===============================================================================
BOOKING NO: 060001065     INMATE NAME: TIGNER ARTHUR JAMES
===============================================================================
    CHARGE NO:  1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE:                         # OF COUNTS:    0
    OFFENSE: PAROLE VIOLATION          WARRANT #:
     CASE #:
   BOND AMT: NO BOND                         FINE:       $0.00
   BAIL AMT:
INIT APPEAR: 00/00/0000            SENTENCE DATE: 00/00/0000
RELEASE DTE: 00/00/0000
ARREST DATE: 02/28/2006             ARST AGENCY: LCSO
ARST OFFICR:                            COUNTY: LEE
      COURT:                             JUDGE:
DEF ATTORNY:                      DIST ATTORNEY:
   COMMENTS:
   COMMENTS:
   COMMENTS:
-------------------------------------------------------------------------------
```

```
                        LEE COUNTY SHERIFF'S OFFICE
02/28/2006  13:10:59    MEDICAL SCREENING FORM                    PAGE 1
================================================================================
Booking No: 060001065  Date: 02/28/2006  Time: 13:05  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: TIGNER ARTHUR JAMES                    Race: B        Sex: M
      DOB:             Age:  37  SSN:             Height: 5'10"  Weight: 230
```

--------------------------------------------------------------------------------

1. Is inmate unconscious?

2. Does inmate have any visible signs of trauma, illness, obvious pain and bleeding, requiring immediate emergency or doctor's care?

3. Is there obvious fever, swollen lymph nodes, jaundice or other evidence of infection that might spread through the facility?

4. Any signs of poor skin condition, vermin, rashes or needle marks?

5. Does inmate appear to be under the influence of drugs or alcohol?

6. Any visible signs of alcohol or drug withdrawal?

7. Does inmate's behavior suggest the risk of suicide or assault?

8. Is inmate carrying any medication?

9. Does the inmate have any physical deformities?

10. Does inmate appear to have psychiatric problems?

11. Do you have or have you ever had or has anyone in your family ever had any of the following?

   a. Allergies          f. Fainting Spells          k. Seizures
   b. Arthritis          g. Hearing Condition        l. Tuberculosis
   c. Asthma             h. Hepatitis                m. Ulcers
   d. Diabetes           i. High Blood Pressure      n. Venereal Disease
   e. Epilepsy           j. Psychiatric Disorder     o. Other (Specify)

Other: _____Bad Back_____

_____

_____

12. For females only:

   _____ a. Are you pregnant?

   _____ b. Do you take birth control pills?

   _____ c. Have you recently delivered?

```
                        LEE COUNTY SHERIFF'S OFFICE
02/28/2006    13:10:59    MEDICAL SCREENING FORM                    PAGE 2
================================================================================
Booking No: 060001065  Date: 02/28/2006  Time: 13:05  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: TIGNER ARTHUR JAMES                    Race: B        Sex: M
     DOB: ▓▓▓▓▓▓▓ Age:  37  SSN: ▓▓▓▓▓▓▓▓  Height: 5'10"  Weight: 230
```
--------------------------------------------------------------------------------

13. Have you recently been hospitalized or treated by a doctor?

14. Do you currently take any non-prescription medication or medication
    prescribed by a doctor?

15. Are you allergic to any medication?

16. Do you have any handicaps or conditions that limit activity?

17. Have you ever attempted suicide or are you thinking about it now?

18. Do you regularly use alcohol or street drugs?

19. Do you have any problems when you stop drinking or using drugs?

20. Do you have a special diet prescribed by a physician?

21. Do you have any problems or pain with your teeth?

22. Do you have any other medical problems we should know about?

    Back surgery 4 mos ago

_____

_____

_____

_____

_____

_____

_____


I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE
TRUE AND ACCURATE.


INMATE: _____    DATE: _____    TIME: _____


BOOK OFFICER: _____    DATE: _____    TIME: _____

```
                         LEE COUNTY SHERIFF'S OFFICE
03/14/2005    18:40:20         INMATE RELEASE SHEET                    PAGE    1
================================================================================
BOOKING NO: 050001210

INMATE NAME: TIGNER ARTHUR JAMES
        ALIAS:                                    RACE: B       SEX: M
        ALIAS:                                      HT: 5'10"  HAIR: BLK
      ADDRESS: 3216 OLD WETUMPKA HWY                WT: 230    EYES: BRO
  CITY/ST/ZIP: MONTGOMERY, AL 36110            COMPLEX:
   HOME PHONE: ████████████                        SSN: ████████████
          DOB: ███████  AGE:  36                 DL ST: AL      DLN: ████████
  PLCE BIRTH: LEE COUNTY                           SID:
        STATE: AL                                LOCID: 4956
    M. STATUS: MARRIED
     RELIGION: CHRISTIAN
  GANG ASSOC: NONE
SCARS/TATTOOS: SCAR ON RT HAND
KNOWN ENEMIES:
      REMARKS:
------------------------------ NEXT OF KIN ------------------------------------
  NEXT OF KIN: SHERRELL TIGNER              RELATIONSHIP: WIFE
      ADDRESS: SAME                                PHONE: 000-000-0000
  CITY/ST/ZIP: ,
      REMARKS:
----------------------------- EMPLOYER INFO -----------------------------------
     EMPLOYED: Y
EMPLOYER NAME: STATE
      ADDRESS:
  CITY/ST/ZIP: ,
        PHONE: 000-000-0000
------------------------------- MEDICAL ---------------------------------------
  HANDICAPPED:      NEEDS:
      GLASSES:      SMOKE:
MEDICAL NEEDS:      NEEDS: EAR INFECTION
    PHYSICIAN:             PHONE: 000-000-0000
      REMARKS:

      REMARKS:
      REMARKS:
------------------------------- PROPERTY --------------------------------------
         CASH:      $08.00
  DESCRIPTION:
 ADD. PROPERTY: PAPERS KEYS TOOTHBRUSH TOOTHPASTE DOG TAG WATCH NECKLACE ID
 ADD. PROPERTY: RING
 ADD. PROPERTY:
   BIN NUMBER:
 VEH IMPOUNDED:
  IMPOUND LOT:
      REMARKS:
      REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X_____   DATE: 3/14    TIME: _____
                                        3/14
BOOK OFFICER: D G dowdell        DATE: 3/14    TIME: _____
```

```
                            LEE COUNTY SHERIFF'S OFFICE
03/14/2005    18:40:20         INMATE RELEASE SHEET                    PAGE    2
================================================================================
BOOKING NO: 050001210    INMATE NAME: TIGNER ARTHUR JAMES
================================================================================
        COURT:                       ATTORNEY ON REC:
        JUDGE:                           PHONE: 000-000-0000
      REMARKS:
      REMARKS:
--------------------------------------------------------------------------------
    BOOK DATE: 03/14/2005  BOOK TIME: 16:42  BOOK TYPE: NORMAL

    ARREST DATE: 03/14/2005        BOOKING OFFICER: INGRAM
    ARREST DEPT: LCSO              CELL ASSIGNMENT:
 ARRST OFFICER: FLOURNOY                 MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000                FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR:                      CLASSIFICATION:
   TYPE SEARCH:                       WORK RELEASE: N
 INTOX RESULTS:

        HOLDS: N
       AGENCY:                  REASON:
       AGENCY:                  REASON:
       AGENCY:                  REASON:
       AGENCY:                  REASON:

        NOTES:
        NOTES:
        NOTES:
================================================================================
   RELEASE DATE: 03/14/2005  RELEASE TIME: 18:39   # DAYS SERVED:    1

RELEASE OFFICER: DOWDELL
   RELEASE TYPE: FREDDIE W/ANYTIME
       REMARKS: COURT DATE 14 APRIL 2005 @ 0900
       REMARKS:
       REMARKS:
================================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X _____    DATE: 3/14    TIME: _____

BOOK OFFICER: _____  DATE: _____  TIME: _____
```

```
                         LEE COUNTY SHERIFF'S OFFICE
03/14/2005    18:40:20        INMATE CHARGE SHEET                    PAGE    3
===============================================================================
BOOKING NO: 050001210    INMATE NAME: TIGNER ARTHUR JAMES
===============================================================================
   CHARGE NO:   1  DISPOSITION: RELEASED          HOLD: N

ALA STATUTE:                           # OF COUNTS:    1
     OFFENSE: ASSAULT III                 WARRANT #:
      CASE #:
    BOND AMT: 1000                             FINE:       $0.00
    BAIL AMT:
 INIT APPEAR: 00/00/0000         SENTENCE DATE: 00/00/0000
 RELEASE DTE: 03/14/2005
 ARREST DATE: 03/14/2005            ARST AGENCY: LCSO
 ARST OFFICR: FLOURNOY                   COUNTY: LEE
       COURT:                             JUDGE:
 DEF ATTORNY:                     DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS: INMATE RELEASED BY D32
-------------------------------------------------------------------------------
```

```
                        LEE COUNTY SHERIFF'S OFFICE
03/14/2005    16:57:23          INMATE BOOKING SHEET              PAGE    1
=============================================================================
BOOKING NO: 050001210

INMATE NAME: TIGNER ARTHUR JAMES
       ALIAS:                                    RACE: B      SEX: M
       ALIAS:                                    HT: 5'10"  HAIR: BLK
     ADDRESS: 3216 OLD WETUMPKA HWY              WT: 230   EYES: BRO
CITY/ST/ZIP: MONTGOMERY, AL 36110            COMPLEX:
 HOME PHONE:                                      SSN:
        DOB:            8  AGE:  36            DL ST: AL      DLN:
 PLCE BIRTH: LEE COUNTY                          SID:
      STATE: AL                                LOCID: 4956
  M. STATUS: MARRIED
    RELIGION: CHRISTIAN
 GANG ASSOC: NONE
SCARS/TATTOOS: SCAR ON RT HAND
KNOWN ENEMIES:
     REMARKS:
--------------------------- NEXT OF KIN ------------------------------------
  NEXT OF KIN: SHERRELL TIGNER          RELATIONSHIP: WIFE
      ADDRESS: SAME                            PHONE: 000-000-0000
  CITY/ST/ZIP: ,
      REMARKS:
--------------------------- EMPLOYER INFO ----------------------------------
    EMPLOYED: Y
EMPLOYER NAME: STATE
      ADDRESS:
  CITY/ST/ZIP: ,
        PHONE: 000-000-0000
--------------------------- MEDICAL ----------------------------------------
  HANDICAPPED:       NEEDS:
      GLASSES:       SMOKE:
MEDICAL NEEDS:       NEEDS: EAR INFECTION
    PHYSICIAN:                      PHONE: 000-000-0000
      REMARKS:

      REMARKS:
      REMARKS:
--------------------------- PROPERTY ---------------------------------------
         CASH:      $08.00
  DESCRIPTION:
ADD. PROPERTY: PAPERS KEYS TOOTHBRUSH TOOTHPASTE DOG TAG WATCH NECKLACE ID
ADD. PROPERTY: RING
ADD. PROPERTY:
   BIN NUMBER:
 VEH IMPOUNDED:
  IMPOUND LOT:
      REMARKS:
      REMARKS:
=============================================================================
I HAVE READ THE ABOVE ACCOUNTING OF MY PERSONAL INFORMATION, MEDICAL
INFORMATION, MONEY, AND OTHER PROPERTY AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: X_____    DATE: 3-14-05   TIME: 440

BOOK OFFICER: _____   DATE: 3-14-05   TIME: 440
```

```
                          LEE COUNTY SHERIFF'S OFFICE
03/14/2005     16:57:23       INMATE BOOKING SHEET                   PAGE    2
================================================================================
BOOKING NO: 050001210     INMATE NAME: TIGNER ARTHUR JAMES
================================================================================
           COURT:                   ATTORNEY ON REC:
           JUDGE:                            PHONE: 000-000-0000
         REMARKS:
         REMARKS:
--------------------------------------------------------------------------------
     BOOK DATE: 03/14/2005  BOOK TIME: 16:42  BOOK TYPE: NORMAL

   ARREST DATE: 03/14/2005          BOOKING OFFICER: INGRAM
   ARREST DEPT: LCSO                CELL ASSIGNMENT:
 ARRST OFFICER: FLOURNOY                  MEAL CODE: 01   LEE COUNTY
 PROJ. RLSDATE: 00/00/0000                 FACILITY: 01   COUNTY JAIL
  SEARCH OFFCR:                      CLASSIFICATION:
   TYPE SEARCH:                       WORK RELEASE: N
 INTOX RESULTS:

         HOLDS: N
        AGENCY:             REASON:
        AGENCY:             REASON:
        AGENCY:             REASON:
        AGENCY:             REASON:

         NOTES:
         NOTES:
         NOTES:
```

```
                              LEE COUNTY SHERIFF'S OFFICE
03/14/2005    16:57:23        INMATE CHARGE SHEET                    PAGE    3
================================================================================
BOOKING NO: 050001210    INMATE NAME: TIGNER ARTHUR JAMES
================================================================================
   CHARGE NO:   1  DISPOSITION: OPEN              HOLD: N

ALA STATUTE:                              # OF COUNTS:    1
     OFFENSE: ASSAULT III                    WARRANT #:
       CASE #:
     BOND AMT: 1000                             FINE:       $0.00
     BAIL AMT:
 INIT APPEAR: 00/00/0000               SENTENCE DATE: 00/00/0000
 RELEASE DTE: 00/00/0000
 ARREST DATE: 03/14/2005                  ARST AGENCY: LCSO
 ARST OFFICR: FLOURNOY                         COUNTY: LEE
       COURT:                                   JUDGE:
 DEF ATTORNY:                            DIST ATTORNEY:
    COMMENTS:
    COMMENTS:
    COMMENTS:
--------------------------------------------------------------------------------
```

LEE COUNTY SHERIFF'S OFFICE
03/14/2005    16:57:23    MEDICAL SCREENING FORM                    PAGE 1
================================================================================
Booking No: 050001210  Date: 03/14/2005  Time: 16:42  Type: NORMAL
Agency to Bill: LEE COUNTY              Facility: COUNTY JAIL

Inmate Name: TIGNER ARTHUR JAMES                Race: B        Sex: M
    DOB: ▆▆▆▆▆  Age: 36  SSN: ▆▆▆▆▆▆  Height: 5'10"  Weight: 230

1.   Is inmate unconscious?

2.   Does inmate have any visible signs of trauma, illness, obvious pain
     and bleeding, requiring immediate emergency or doctor's care?

3.   Is there obvious fever, swollen lymph nodes, jaundice or other
     evidence of infection that might spread through the facility?

4.   Any signs of poor skin condition, vermin, rashes or needle marks?

5.   Does inmate appear to be under the influence of drugs or alcohol?

6.   Any visible signs of alcohol or drug withdrawal?

7.   Does inmate's behavior suggest the risk of suicide or assault?

8.   Is inmate carrying any medication?

9.   Does the inmate have any physical deformities?

10.  Does inmate appear to have psychiatric problems?

11.  Do you have or have you ever had or has anyone in your family
     ever had any of the following?

___ a. Allergies      ___ f. Fainting Spells    ___ k. Seizures

___ b. Arthritis      ___ g. Hearing Condition  ___ l. Tuberculosis

___ c. Asthma         ___ h. Hepatitis          ___ m. Ulcers

___ d. Diabetes       ___ i. High Blood Pressure ___ n. Venereal Disease

___ e. Epilepsy       ___ j. Psychiatric Disorder ___ o. Other (Specify)

Other: _____

       _____

       _____

12.  For females only:

     ___ a. Are you pregnant?

     ___ b. Do you take birth control pills?

     ___ c. Have you recently delivered?

LEE COUNTY SHERIFF'S OFFICE
```
03/14/2005    16:57:23    MEDICAL SCREENING FORM                    PAGE 2
=========================================================================
Booking No: 050001210  Date: 03/14/2005  Time: 16:42  Type: NORMAL
Agency to Bill: LEE COUNTY                Facility: COUNTY JAIL

Inmate Name: TIGNER ARTHUR JAMES                    Race: B      Sex: M
        DOB: ▓▓▓▓▓ Age:  36  SSN: ▓▓▓▓▓▓ Height: 5'10"  Weight: 230
```
-------------------------------------------------------------------------

13.  Have you recently been hospitalized or treated by a doctor?

14.  Do you currently take any non-prescription medication or medication prescribed by a doctor?

15.  Are you allergic to any medication?

16.  Do you have any handicaps or conditions that limit activity?

17.  Have you ever attempted suicide or are you thinking about it now?

18.  Do you regularly use alcohol or street drugs?

19.  Do you have any problems when you stop drinking or using drugs?

20.  Do you have a special diet prescribed by a physician?

21.  Do you have any problems or pain with your teeth?

22.  Do you have any other medical problems we should know about?

I HAVE READ THE ABOVE ACCOUNTING OF MY MEDICAL ASSESSMENT AND I FIND IT TO BE TRUE AND ACCURATE.

INMATE: _____     DATE: _____   TIME: _____

BOOK OFFICER: _____     DATE: _____   TIME: _____