**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **ARTHUR JAMES TIGNER,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:06-cv-00713-MHT-SRW |
| **OFFICER SELLER, et al.,** | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO THE PLAINTIFF'S RESPONSE TO THEIR
SPECIAL REPORT**

COME NOW Jay Jones[1], Sheriff of Lee County, Alabama, Sergeant Timothy Jones[2], Corrections Officer David Sellers[3], and Corrections Officer Danny Tucker, the Defendants in the above-styled cause, and submit their Reply to the Plaintiff's Response to their Special Report.

1.  In their Special Report, the Defendants presented evidence that the Plaintiff has not exhausted his administrative remedies at the Lee County Detention Center. In the Plaintiff's Response, he stated that he filed a written complaint. However, he failed to present any evidence (or to even allege) that he exhausted the grievance appeals process provided at the Detention Center. Therefore, the *undisputed* facts show that he did not exhaust the grievance appeals process provided at the Detention Center. Thus, his Complaint is due to be dismissed as a matter of law. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (affirming dismissal of complaint for failure to exhaust administrative remedies where the plaintiff inmate filed a grievance but failed to file an appeal); see also Cole v. Irby, 181 Fed. Appx. 392, 393-94 (5th Cir. 2006) (affirming dismissal of complaint for failure to exhaust administrative remedies where

---

[1] Sheriff Jay Jones is incorrectly designated in the Plaintiff's Complaint as "Sheriff J. Jone."
[2] Sergeant Timothy Jones is incorrectly designated in the Plaintiff's Complaint as "Sgt. Jone."
[3] Corrections Officer David Sellers is incorrectly designated in the Plaintiff's Complaint as "Officer Seller."

inmate alleged that he filed a grievance but did not sufficiently allege that he attempted to comply with the appeal requirements); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001) (holding that inmate's failure to "pursue the grievance remedy to conclusion" barred his lawsuit); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").

2. In his Response, the Plaintiff does not dispute that he did not suffer *any* physical injury as a result of the allegations of his Complaint. He simply states that the law that the Defendants cite is wrong. However, he presents no law to dispute the binding precedent cited by the Defendants. Because the Plaintiff did not suffer any physical injury, his claims are due to be dismissed as a matter of law on their merits. See Porter v. Nussle, 534 U.S. 516, 528 (U.S.2002) ("[T]o sustain a [conditions of confinement] claim, "significant injury" must be shown; Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006). Further, because the Plaintiff did not suffer any physical injury, his claims are due to be dismissed as a matter of law pursuant to the Prison Litigation Reform Act. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002).

3. In his Response, the Plaintiff has not disputed that he has failed to allege any wrongdoing or causal connection with regard to Sheriff Jones. Further, he has failed to show that Sergeant Jones had the subjective awareness that the toilet was broken, and he does not state that he ever asked Sergeant Jones to use the restroom. Accordingly, all claims against Sheriff Jones and Sergeant Jones are due to be dismissed as a matter of law. Swint v. City of Wadley, 51 F. 3d 988 (11th Cir. 1995); Zatler v. Wainwright, 802 F. 2d 397, 401 (11th Cir. 1986).

4.     In his Response, the Plaintiff has failed to dispute that he is no longer housed at the Lee County Detention Center and that he thus lacks standing to pursue his claims for injunctive relief and that those claims are moot. Accordingly, these claims are due to be dismissed as a matter of law. City of Los Angeles v. Lyons, 461 U.S. 95, 97 (1983); Zatler, 802 F.2d at 399.

Respectfully submitted this 28th day of December, 2006.

>s/Amanda Kay Morgan
>AMANDA KAY MORGAN Bar No. ALL079
>Attorney for Defendants
>WEBB & ELEY, P.C.
>7475 Halcyon Pointe Drive
>Post Office Box 240909
>Montgomery, Alabama 36124
>Telephone: (334) 262-1850
>Fax: (334) 262-1889
>E-mail: amorgan@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 28th day of December, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

>Arthur James Tigner
>AIS 152184
>Bullock Correctional Facility
>PO Box 5107
>Union Springs, AL 36089-5107

>**s/Amanda Kay Morgan**
>OF COUNSEL

3