IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ARTHUR JAMES TIGNER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  3:06-cv-00713-MHT-SRW |
| | ) |
| **OFFICER SELLER, et al.,** | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTION TO THE PLAINTIFF'S
<u>DEMAND FOR JURY TRIAL</u>**

COME NOW Jay Jones, Sheriff of Lee County, Alabama, Sergeant Timothy Jones, Corrections Officer David Sellers, and Corrections Officer Danny Tucker, Defendants in the above-styled cause, and submit their objection to the Plaintiff's Motion for a trial by jury.  As grounds for their Objection, the Defendants state as follows:

1.  The Plaintiff filed his Complaint on August 10, 2006.  The Defendants filed their Special Report and Answer on November 6, 2006.  Over four months after the filing of the Complaint and over a month after the filing of the Answer in this matter, on December 28, 2006, the Plaintiff filed a motion to add a jury demand.

2.  Rule 38(b) of the <u>Federal Rules of Civil Procedure</u> provides:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).

Rule 38(d) of the <u>Federal Rules of Civil Procedure</u> provides:  "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury."  The

Plaintiff's motion does not change the original Complaint by adding any new issues and, in fact, does not make any change except the addition of the jury demand. Therefore, this motion cannot "give rise to a demand for a jury trial." Guajardo v. Estelle, 580 F.2d 748, 753 (5th Cir. 1978)[1] ("Amendments not introducing new issues will not give rise to a demand for a jury trial.").

3.  Because the Plaintiff waived his right to trial by jury and his jury demand is untimely, the Plaintiff's Motion to Add a Jury Demand is due to be denied. See, e.g., Lloyd v. McKendree, 749 F.2d 705, 706 (11th Cir. 1985) ("The court did not abuse its discretion in denying petitioner's untimely request for a jury trial."); U.S. v. 110 Bars of Silver, 3 Crucibles of Silver, 11 Bags of Silver Coins, 508 F.2d 799, 801 (5th Cir. 1975)[2] (affirming the district court's denial of request for jury trial where "the last pleading was on November 2, and the jury trial was not requested till December 13" because "the right to a jury trial was waived").

4.  Finally, the Plaintiff in the instant case has given this Court "no reason for the delay" in requesting a jury. See id.; see also Jackson v. Airways Parking Co., 297 F. Supp. 1366, 1384 (N.D. Ga. 1969) ("'Counsel desirous of obtaining relief from waiver should be careful to spell out the basis or bases of his motion for relief, since it is settled today that the mere statement of 'oversight' or 'inadvertence' does not suffice to invoke the discretion of the court.'"). Accordingly, the Plaintiff's untimely request for a jury after his right to trial by jury had been waived is due to be denied.

WHEREFORE, PREMISES CONSIDERED, the Defendants request that this Court deny the Plaintiff's Motion to add a Jury Demand.

---

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (decisions of the Fifth Circuit handed down before close of business on September 30, 1981 are binding precedent on the Eleventh Circuit).
[2] See Bonner, 661 F.2d at 1207 (decisions of the Fifth Circuit handed down before close of business on September 30, 1981 are binding precedent on the Eleventh Circuit).

Respectfully submitted this 6th day of August, 2007.

          **s/Ashley Hawkins Freeman**
          ASHLEY HAWKINS FREEMAN Bar No. FRE044
          Attorney for Defendants
          WEBB & ELEY, P.C.
          7475 Halcyon Pointe Drive
          Post Office Box 240909
          Montgomery, Alabama 36124
          Telephone: (334) 262-1850
          Fax: (334) 262-1889
          E-mail: afreeman@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of August, 2007, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

    Arthur James Tigner
    AIS 152184
    Childersburg Work Release
    PO Box 368
    Childersburg, AL 35044

          **s/Ashley Hawkins Freeman**
          OF COUNSEL