IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

ARTHUR JAMES TIGNER, #152 184   *

    Plaintiff,   *

      v.   *   3:06-CV-713-MHT
        (WO)
OFFICER SELLER, *et al.*,   *

    Defendants.   *

_____

**ORDER**

On December 28, 2006 Plaintiff filed a demand for trial by jury. (*See* Doc. No. 18.) Defendants object to the jury demand as untimely filed. (Doc. No. 25.) Plaintiff filed a response to the objection. (Doc. No. 26.)

Plaintiff is advised that pursuant to Rule 38(b) of the *Federal Rules of Civil Procedure*, a party is allowed to demand a trial by jury of any issue triable of right by a jury by serving a demand "not later than ten days after service of the last pleading directed to such issue." F.R.Civ.P. Rule 38(d) provides that the failure of a party to serve a jury demand as required by the rule constitutes a waiver by the party of trial by jury.

Here, Defendants filed their special report and answer to the complaint on November 6, 2006. Plaintiff filed his first demand for a jury trial almost two months later. Hence, Plaintiff's jury demand was not filed within ten days after the filing of any pleading setting forth an issue triable by jury and he has not set forth any reason for the delay in making his

belated jury demand.[1] *See Parrott v. Wilson*, 707 F.2d 1262 (1983). Plaintiff has, therefore, waived his right to trial by jury.

Accordingly, it is

ORDERED that Plaintiff's December 28, 2006 Demand for Trial by Jury (Doc. No. 18) is DENIED.

DONE, this 15th day of August 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is advised that the Seventh Amendment right to a civil jury is not absolute and may be waived if the jury demand is not timely requested. *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995.)