IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

ARTHUR JAMES TIGNER, #152 184     *

    Plaintiff,                      *

       v.                            *          3:06-CV-713-MHT
                                              (WO)
OFFICER SELLER, *et al.*,       *

    Defendants.                     *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Arthur Tigner ["Tigner"], a former county inmate, challenges actions taken against him during his confinement in the Lee County Detention Center. Tigner seeks injunctive relief and monetary damages for the alleged violations of his constitutional rights.

Pursuant to the orders of this court, Defendants filed a written report and supporting evidentiary materials addressing the claims for relief raised in the complaint. In this report, Defendants assert that this case is due to be dismissed because Tigner failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that with respect to the claims presented in the instant action, Tigner failed to completely exhaust the administrative remedies available to him in the Lee County Detention Center via the jail's inmate grievance procedure. (*See* Doc. No. 10 at pgs. 3-5, 9-11, Exh. C - J. Jones Affidavit, Exh. D - T. Jones Affidavit, Exh.

E - Sellers Affidavit, Exh. F - Tucker Affidavit, Exh. G - Tobert Affidavit, and Exh. J.) In accordance with the order entered on November 7, 2006 (Doc. No. 12), the court deems it appropriate to treat Defendants' special report as a motion for summary judgment.

This case is now pending before the court on Defendants' motion for summary judgment and Tigner's opposition thereto. (Doc. Nos. 13, 18.) Upon consideration of motion and the evidentiary materials filed in support thereof, the court concludes that Defendants' motion for summary judgment is due to be granted and this case dismissed without prejudice as Tigner failed to exhaust available administrative remedies.

## I. DISCUSSION

Tigner challenges the conditions of confinement under which he was housed while incarcerated at the Lee County Detention Center. (Doc. No. 1.) In response to the claims presented in the complaint, Defendants argue, among other things, that this case should be dismissed because Tigner failed to properly exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act ["PLRA"], 42 U.S.C. § 1997e(a). In support of this argument, Defendants have provided affidavits from Defendants J. Jones, T. Jones, Sellers, Tuck, and Torbert. (Doc. No. 10, Exhs. C-G.) Defendants affirm that, at all times relevant to this litigation, the Lee County Detention Center maintained an inmate grievance procedure. (*Id.*) According to Defendants, this administrative remedy is available to all Lee County Detention Center inmates, including former inmate Tigner. (*Id.*) Defendants contend that a search of Tigner's inmate records reflect that he never filed any grievance regarding the unconstitutional conditions of confinement alleged in the complaint.

(*Id.* and Exh. J.)

In opposition to Defendants' dispositive motion, Tigner does not deny that he was required to exhaust administrative remedies or that the inmate grievance procedure was available. Rather, Tigner argues that he wrote to "LT and Major Cary Torbert Jr., and to Sheriff Jay Jones by way of request forms and U.S. <u>mail</u> about this matter." (Doc. No. 13 at 2) (emphasis in original). In further support of their motion for summary judgment, Defendants' reply that nothing submitted by Tigner establishes that he properly exhausted available administrative remedies relative to his claims. (Doc. No. 17.) In further opposition to Defendants' request for summary judgment, Tigner claims that he made written complaints but that Defendants "only submitted other slips." (Doc. No. 18, Exh. 1 at 2.)

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *see also Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2388 (2006) (again holding that the PLRA requires inmates to exhaust their administrative remedies and to properly exhaust by complying with procedural rules, and noting that any other ruling would eliminate any incentive to comply with the rules

and would effectively permit inmates to bypass available administrative remedies.). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999); *see also Mitchell v. Horn*, 318 F.3d 523, 529 (3rd Cir. 2003).

The record in this case establishes that the Lee County Detention Center provides a grievance procedure for inmate complaints. (Doc. No. 10, Exhs. C-G.) The undisputed evidentiary materials submitted by Defendants demonstrate that Tigner failed to file any grievance in accordance with the detention center's inmate grievance procedure challenging the actions about which he complains in the instant cause of action. Tigner's bald and conclusory assertion that he "made written complaints" but Defendants "only submitted other slips" is, without more, insufficient to avoid summary judgment on his claims. *See D'Amico v. City of New York,* 132 F.3d 145, 149 (2nd Cir. 1998) (holding that party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful."). As such, Tigner has failed to produce any evidence establishing a genuine issue of fact sufficient to defeat Defendant's motion for summary judgment based on Tigner's

failure to exhaust administrative remedies.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (Doc. No. 10) be GRANTED to the extent that Defendants seek dismissal of this case for Tigner's failure to exhaust available administrative remedies; and

2. This case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Tigner's failure to exhaust available administrative remedies.

It is further

ORDERED that on or before September 4, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 20th day of August 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE